ADR

1  JOHN A. SHEPARDSON, SBN 129081
2  59 N. Santa Cruz Ave., Ste. Q
   Los Gatos, CA 95030
3  T (408) 395-3701
   F (408) 395-0112
4
   Attorney for PLAINTIFF
5  SHANNON ALYNN RAMSAY
6
7

E-FILING

ORIGINAL FILED

JUL 1 6 2007

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
SAN JOSE CALIFORNIA

8           IN THE UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT, SAN JOSE DIVISION

10  SHANNON ALYNN RAMSAY,            )    CASE NO.
11                                   )
                Plaintiff,           )    COMPLAINT FOR DAMAGES &
12                                   )    INJUNCTIVE RELIEF:
    v.                               )
13                                   )    VIOLATON OF TITLE II OF
14  THE STATE BAR OF CALIFORNIA,     )    AMERICANS WITH DISABILITIES
    and does 1-100, inclusive,       )    ACT; BREACH OF CONTRACT;
15                                   )    NEGLIGENCE
                Defendants.          )
16  _____ /

17  1.  Plaintiff Shannon Alynn Ramsay ("Shannon") is a Santa Cruz County
18
19      resident.

20  2.  Defendant The State Bar of California ("Bar") administers the California Bar
21      Exam for licensure of individuals to practice Law within the State.

22  3.  Shannon alleges that Does 1-100 are unknown Defendants, and that she
23      will seek leave to amend to add them as Defendants when so ascertained.

24  4.  Shannon alleges each Defendant named herein, including Does 1-100,
25
26      inclusive, are the agents of each other, and acted within the scope of said
27      agency.

28  5.  Shannon is legally and completely visually impaired.

    Complaint              1       Ramsay v. California Bar

6.  Shannon obtained an Undergraduate degree from Stanford University in 2002 and a Juris Doctorate degree from the University of California at Davis in 2005.

7.  She has taken the California State Bar Exam on July 2005, February 2006, July 2006, and February 2007, and has received notice of failure for each.

8.  She has filed claims with the Bar on December 20, 2006 (Exhibit A) regarding the matters addressed below, and they were rejected (Exhibit B).

### FIRST CAUSE OF ACTION

### (VIOLATION OF TITLE II OF THE AMERICAN WITH DISABILITIES ACT)

9.  Shannon re-alleges and incorporates by reference every foregoing allegation.

10. Title II of the American With Disabilities Act ("ADA") requires state and local governments to give people with disabilities equal opportunity to benefit from all their programs, services and activities.

11. Title II requires state and local governments make reasonable modifications to policies, practices and procedures where necessary to avoid discrimination unless they can they can show that doing so would fundamentally alter the nature of the service, program or activity being provided.

12. The Bar publishes the Exam passage rates for various minority groups, and said information is helpful to applicants in deciding to harness the resources to take and prepare for the Exam.

13. The Bar does not publish the passage rates for disabled test-takers.

14. Shannon has requested in writing to the Bar that it publish said passage rates, and it has refused to do so.

15. Denial of this information has adversely impacted Shannon's ability to assess whether it is worthwhile to expend hundreds of thousands of dollars in education and training requisite to becoming a licensed attorney in California, and in her ability to prepare for said Exam.

16. Shannon is informed and believes Exam passage rates for disabled students are much lower than the published rates for other classes of persons.

17. Shannon alleges that the Bar's practice of refusing to return all graded papers to test-takers who have failed the Exam creates an undue hardship on disabled test-takers, which appear to have lower passage rates than other groups, as said test-takers are denied the opportunity to fully learn from mistakes in previous Exams, and thus the Bar's procedures have had the effect of increasing the likelihood for disabled test-takers to be on a treadmill of repetitive Exam failure.

18. Shannon alleges that the 6-consecutive-day Exam from Tuesday through Sunday with testing from 9-12 a.m., and 1:30-4:30 p.m. conducted in a hotel with an improper desk and chair causes excessive mental and physical fatigue, resulting in appreciable degradation of Exam performance for disabled test-takers, and thus it is significantly more difficult for said test-takers to pass said Exam in comparisons to those taking the normal 3-day Exam. Contributing to the mental and emotional fatigue is the requirement

that she set up her own testing equipment on the Monday before the Exam, resulting in a 7-day commitment in taking the Exam.

19. Shannon alleges that the Bar can readily make an accommodation of reducing the length of the Exam for disabled test-takers.

20. Shannon alleges that the Bar has provided defective Braille materials on two of the Exams. In one Exam the Braille test book broke apart at the binding, requiring Shannon to lose test-time to address the problem. On a second Exam, the testing book broke apart again, and the Braille itself was defective, resulting in a disruption in her Exam (Exhibit C).

21. Shannon is informed and believes that the Bar can without undue hardship make reasonable accommodations to adequately address the deficiencies mentioned above.

22. Shannon seeks injunctive relief to order the Bar to publish the disabled test-taker passage rates.

23. Shannon seeks injunctive relief to order the Bar to provide to all test-takers copies or originals of all graded papers.

24. Shannon also seeks injunctive relief to order the Bar make the Exam for all test-takers no more than 2-days, and consequently the Exam for disabled test-takers would be no more than 4-days, in total length, rather than the present 6-consecutive day period.

25. Shannon seeks an injunction to order the Bar to provide proper testing materials for blind test-takers.

26. Shannon seeks an injunction to order the Bar to provide proper testing equipment and setup for disabled test-takers.

Complaint                    4        Ramsay v. California Bar

27. Shannon seeks compensation for her mental and emotional distress, lost economic opportunities, attorney fees and costs.

28. Shannon also reserves the right to seek class relief for the wrongful conduct alleged herein.

## SECOND CAUSE OF ACTION

## (BREACH OF CONTRACT)

29. Shannon re-alleges and incorporates by reference every foregoing allegation.

30. Shannon and the Bar entered into a contractual relationship as Shannon paid fees to take said Exam, and the Bar assumed a duty to provide Shannon with a reasonably accurate Bar Exam.

31. Defendant breached its duty on July 2006 by providing her with Braille Exam materials that were grossly deficient, and required an unplanned stoppage of the Exam, which failed to adequately address the damage.

32. As a result of said wrongful conduct, Shannon seeks reasonable compensation for mental and emotional distress, and lost economic opportunities.

## THIRD CAUSE OF ACTION

## (NEGLIGENCE)

33. Plaintiff re-alleges and incorporates by reference every foregoing allegation.

34. The Bar assumed a duty to provide Shannon with a reasonably accurate Bar Exam.

Complaint                    5            Ramsay v. California Bar

35. Defendant breached its duty by providing her with Braille Exam materials that were grossly deficient, which required an unplanned stoppage of the Exam, which failed to adequately remedy the situation.

36. As a result of said wrongful conduct, Shannon seeks reasonable compensation for mental and emotional distress, and lost economic opportunities.

**PRAYER**

Wherefore, Plaintiff prays from Defendant as follows:

1) General damages;

2) Special damages;

3) Attorney fees and costs pursuant to statutes, including and not limited to the ADA and CC 1021.5;

4) Injunctive relief;

5) Other proper relief.

Dated: 7/14/07

JOHN A. SHEPARDSON, ESQ.
FOR PLAINTIFF SHANNON
ALYNN RAMSAY

Complaint　　　　6　　　　Ramsay v. California Bar

**LAW OFFICES OF**
**JOHN A. SHEPARDSON**
**59 N. Santa Cruz Ave, Ste. Q**
**Los Gatos, CA 95030**
**Tel (408) 395-3701**
**Fax (408) 395–0112**

December 20, 2006

Colin P. Wong, Esq.
The State Bar of California
180 Howard Street
San Francisco, CA 94105-1639

**Re: LAWYER APPLICANT MS. SHANNON RAMSAY (SUBMISSION OF CLAIM)**
Code No.: 6934
File No.: 97529
App #: 8669

Dear Mr. Wong:

This correspondence is submitted for the purpose of making a "Claim" against the State
Bar pursuant to the Government Claims Program.

Regarding Claimant/Petitioner (and tracking the Claim form setup):

1. Shannon Alynn Ramsay
2. 408-353-411
3. Sharamsay@stanfordalumni.org
4. 2384 Belaire Court, Los Gatos, CA 95033
5. 408-772-4736
6. N/A
7. Claimant is presently represented by Attorney John A. Shepardson SBN 129081
8. (408) 395-3701
9. JohnShepardson@hotmail.com
10. 59 N. Santa Cruz Ave., #Q, Los Gatos, CA 95030
11. Attorney-client relationship
12. July 17, 2006

    a. Bar exam Braille materials were defective (Exhibit 1)
    b. Bar exam of 6 days for disabled students seems unreasonably
       long—fatigue factor becomes significant—particularly given the lack of
       guidance on appropriate physical accommodations
    c. Question the merit of IRT method of grading exams
    d. Desire to learn passage rate for disabled students



ALL-STATE LEGAL®  EXHIBIT  A

    e. Test-takers should receive copies of all papers relating to the tests, including graders scoring. Graders should not be compensated based on the number of tests graded.

13. Gayle E. Murphy, Senior Exec, Admissions
14. $10,000+. Attorney fees, emotional distress, loss of lawyer income, test preparation costs. Shannon requests an ADR proceeding with retired judge. Shannon wants discovery of all Braille documents. Shannon desires that an independent agency exercise oversight over the grading of her exam due to concern about retaliation.
15. N/A
16-18. See Exhibit 1

19. I declare under penalty of perjury under California law that the foregoing is true and correct to the best of my knowledge and belief. I further understand that if I have provided information false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and a fine up to $10,000 (California Penal Code Section 72)

    Please respond within 10 days. This claim confirms that the statute of limitations is tolled.

Yours truly,

John A. Shepardson, Esq.
for Shannon Ramsay

encls

Exhibit 2—Attorney fee invoices
Exhibit 3—Graph of Bar Exam results
Exhibit 4—Attorney position opportunities

JAS; mtw

Ltrbar6

2

## STATE BAR CLAIM FORM.

Shannon Alynn Ramsay's July 2006 State Bar Examination Complaint

Description and explanation of Claim Form Numbers 16, 17 and 18

16. Specific Damages and Injury

1. The Braille documents, at examination time, were replete with errors both in the essay and the MBE questions sections. During the examination, the Braille document fell apart and it cost time to reassemble the two-inch thick document. The ongoing errors in the Braille reached a crisis and I had to call for assistance from proctor Micki in the room and CNBE Supervisor K. Johnson. This cost me lost time but most important it was most disruptive in terms of the necessary mental focus during the examination. I supplied to the Committee of Bar Examiners my analysis of the error-filled Braille in a letter dated August 1, 2006 addressed to Ms. Gayle Murphy. The five-point credit in a letter from Ms. Gayle Murphy dated November 17, 2006 was a totally inadequate compensation for the emotional distress I suffered. See copies attached.

2. Because of the down-grading due to the negligence by the Braille contractor, my final score did not met the 1390 score; thereby preventing a second read with its lower passing score.

3. Due to my disability of blindness, I was subjected to six days of testing using Braille examination documents. The examination was conducted in a hotel room with inadequate desk and chair for proper access and orientation to both the voluminous Braille documents and my laptop computer. The undue burdens caused fatigue and degradation of performance.

4. I was required to set up my own printer on the Monday before the examination, resulting in a seven day ordeal. This effort is discriminatory as it is not required of standard test-takers.

17. Circumstances that led to the injury.

The text-to-Braille conversion was conducted by the Braille contractor without proofing and was submitted at examination time with many errors in both the essay and MBE portions.

The accommodations for blindness disability, resulting in six days (plus one) in a hotel room environment, should have been preceded by a Bar psychometric study of the blind, considering time-related and environment-related conditions, testing whether these factors contributed to performance degradation.

18. Why The State Bar of California is responsible.

Although the Committee of Bar Examiners has the responsibility to administer the California Bar Examination, the responsibility had been delegated, for the most part, to a contractor, namely the National Conference of Bar Examiners who engage in the design and grading of the examination and the administration of the examination by sub-contractors (e.g., hotels, exam administration staff, the Braille firm, and others).


EXHIBIT
1

Shannon Ramsay, J.D.
4447 Cowell Blvd. #83
Davis, CA 95616
530-747-0363

August 1, 2006

Att: Ms. Murphy
Senior Executive of Admissions

My name is Shannon Alynn Ramsay. You have been corresponding with my father, Alexander R. Ramsay, so far. I tried to stay in the background during all this time so that I could thoroughly prepare myself for each of my bar exams.

I started this round of exams with great confidence and the strong belief that this time I was very well-prepared. When I received my Braille materials, I noticed immediately that something had changed. I discovered that my materials were very poorly prepared. Pages fell out of the bindings, forcing me to reassemble them in the correct order. Multiple errors (spelling, punctuation, capitalization, formatting, words with extra letters or letters missing, and missing words) were prevalent. This forced me to do excessive rereading which cost me a fair amount of additional time.

During the MBE section, three questions (48, 49, and 50) were not correct. 48 was printed twice but some of the fact pattern was missing; 49 presented two totally different questions which were both numbered 49; 50 was reprinted four times. This situation caused me to be extremely concerned that all the following MBE questions from 51 onward could be out of sync with the Scantron sheet. My proctor, Micki, documented this unacceptable disruption of my test situation in an incident report on July 29, 2006.

Sunday, July 30, 2006, I noticed additional flaws in my MBE Braille test. After question 145, which was complete, there was a blank page which said 'go to next page' at the top. I had never experienced anything like this before! On the next page, the Braille started in the middle of a question which had no number. I tried to find out what question this was and at that point I discovered that question 146 was missing completely. The beginning half of question 147 was missing as well. Only the second half of that question was legible along with the answer options. My proctor Micki and I decided to stop the test and to get assistance. Ms. K. Johnson from the accommodations department was contacted by Micki. She had to call you, Ms. Murphy, to find out what was supposed to be done in a situation like this. Precious time went by, my stress level increased tremendously, I experienced a high level of anxiety, and my thought process and focus were completely disrupted. All this happened at the end of six consecutive days of intense testing.

After the phone call to you, Ms. Johnson offered us the print copy of the MBE section so that Micki could read it to me. I was given thirty minutes of additional time to compensate for this disaster on my last day of testing. Thirty additional minutes were lost by officials as they tried to get directions from you. Altogether one whole hour was added to my test day.

**Ms. Murphy, I am greatly outraged by this unbelievable carelessness which was used in preparing my Braille test materials!**

I consider myself an ambitious, highly capable future attorney who already had to overcome more obstacles than most to reach my goals. I should have been provided with the same high-quality test materials as the non-disabled test-takers. National Federation of the Blind (NFB) and American Council of the Blind (ACB) are already informed about this incomprehensible lack of care in preparing high stakes Braille materials. This negligence in preparing my test materials could cost me passage of this bar exam! I request from you that corrective actions will be taken when my bar exam is evaluated.

Sincerely,


Shannon Alynn Ramsay


CC: James O. Heiting, President of State Bar of CA

**LAW OFFICES OF**
**JOHN A. SHEPARDSON**
**59 N. Santa Cruz Ave, Ste. Q**
**Los Gatos, CA 95030**
**Tel  (408) 395-3701**
**Fax (408) 395–0112**

July 20, 2006

Mr. Alex Ramsay
23484 Belaire Court
Los Gatos, CA 95076

Re: Services rendered: Ramsay/State Bar (Exam)

Calls and meeting with Alex, research on internet re exam procedures and
effects of human fatigue, drafted proposed letter to Bar

Attorney fees ($250/hr x 3.5 hours):    $   962.50
Retainer:                               $3,000.00
Net retainer:                           $2,037.50

EXHIBIT
2

**LAW OFFICES OF**
**JOHN A. SHEPARDSON**
**59 N. Santa Cruz Ave, Ste. Q**
**Los Gatos, CA 95030**
**Tel (408) 395-3701**
**Fax (408) 395–0112**

August 11, 2006

Mr. Alex Ramsay
23484 Belaire Court
Los Gatos, CA 95076

Re: Services rendered: Ramsay/State Bar (Exam)

Research other Bar Exams, fatigue studies, testing materials, calls to experts re accommodations, review of emails from clients, review cf correspondence from Bar, multiple revisions to letter to State Bar, legal research re FOIA, home visit to discuss strategies for challenging Bar procedures, and for preparation for next Exam, finalized and sent out letter to Bar, with attachments.

| | |
|---|---|
| Attorney fees ($250/hr x 16.3 hours): | $4,075.00 |
| Net Retainer: | $2,037.50 |
| Amount due: | $2,037.50 |

**LAW OFFICES OF**
**JOHN A. SHEPARDSON**
59 N. Santa Cruz Ave, Ste. Q
Los Gatos, CA 95030
Tel (408) 395-3701
Fax (408) 395–0112

9/30/06

Mr. Alex Ramsay
23484 Belaire Court
Los Gatos, CA 95076

Re: Services rendered: Ramsay/State Bar (Exam) (8/12-9/30)

Meeting with clients, calls and emails from client, call with Mr. Wong, follow-up
letter to Mr. Wong.

| | |
|---|---|
| Attorney fees ($250/hr x 3 hours): | $  750.00 |
| Prior balance: | $2,037.50 |
| Subtotal: | $2,787.50 |
| Payments: ($850 and $225) | $1,075.00 |
| Net balance due: | $1,712.50 |

FIG. 1  BAR EXAM RESULTS
         FOR SHANNON A. RAMSAY



1500

1466 PASSING SCORE

1440 2ND READ PASSING

1400

2ND READ

1381.9906

PERFORMANCE
DEGRADATION
DUE TO BRAILLED
DOCUMENT ERRORS.
THIS PREVENTED A
2ND READ WITH ITS
LOWER 1440 PASSING
SCORE.

1300.0305

1300

1254.9449

1200

EXHIBIT
3

ARR
12-15-06

1ST    2ND    3RD    EXAM

DEPARTMENT OF JUSTICE
TESTING AND SELECTION OFFICE
1300 I STREET
SACRAMENTO, CA  95814

NOTICE OF EXAMINATION RESULTS                    TELEPHONE    (916) 324-5039

CALIFORNIA RELAY SERVICE FOR HEARING IMPAIRED ONLY 1-800-735-2929 (TDD)


RAMSAY                    SHANNON A                         CANDIDATE
23484 BELAIRE CT                                            ID NUMBER
LOS GATOS,    CA          95033                             332187


EXAMINATION TITLE(S):
     DEPUTY ATTORNEY GENERAL                                6JU18

CONGRATULATIONS ON YOUR SUCCESS IN THE EXAMINATION NAMED ABOVE.  YOU
HAVE BEEN PLACED ON THE ELIGIBLE LIST.  KEEP THIS NOTICE FOR THE LENGTH OF
YOUR ELIGIBILITY ON THIS EMPLOYMENT LIST.

THE NUMBER SHOWN BELOW FOR 'RANK' IS THE RANK IN WHICH YOU AND ANY
COMPETITORS WITH THE SAME SCORE(S) HAVE BEEN PLACED.  WHEN FILLING
VACANCIES, THE APPOINTMENT METHOD WILL GIVE CONSIDERATION TO INDIVIDUALS
IN THE HIGHEST THREE RANKS.

| FINAL SCORE | LIST TYPE | LIST LIFE | LIST DATE | AGENCY CODE |
|---|---|---|---|---|
| 95% | OPEN | 12 | 06/01/06 | 5299 |

INCLUDED IN FINAL SCORE:
     SUPPLEMENTAL APPLICATION          PASSED



EXHIBIT
4

STATE OF CALIFORNIA
**EMPLOYMENT INQUIRY**    E57  120406 102 0002        8260 2  11 060106
STD. 628 (REV. 12-95) (LASER)        0104      06339

**IMPORTANT:** *Your name will be placed on INACTIVE STATUS for this classification if a copy of this form is not returned postmarked no later than:*    12/15/06

| | |
|---|---|
| SEND REPLY TO | INQUIRY DATE    12/06/06 |
| DEPT OF CORRECTIONS & REHABILITATION<br>P.O. BOX 942883<br>SACRAMENTO, CA. 94283-0001<br>ATTN: TEAM 3 CERT | CERTIFICATION NUMBER  E576126    CLASS CODE  57781 |
| | CLASSIFICATION<br>STAFF COUNSEL<br><br>(MAND) |
| TO:<br>RAMSAY        SHANNON A<br>23484 BELAIRE CT<br>LOS GATOS        CA 95033 | POSITION LOCATION<br>RANCHO CUCAMONGA LEGAL |
| | LIST TYPE<br>DEPARTMENTAL OPEN |
| | SALARY RANGE  $4674-7828    PER  MONTH |

| | |
|---|---|
| TIME BASE    FULL TIME | STATE DEPARTMENT<br>CORRECTIONS & REHABILITATION |
| TENURE      PERMANENT | TELEPHONE NUMBER<br>(916) 445-3411 |
| LEAP JOB EXAMINATION PERIOD | TELEPHONE NUMBER:<br>CALIFORNIA RELAY SERVICE<br>(800) 735-2929 |

YOU ARE BEING CONTACTED BECAUSE YOUR NAME IS DESIGNATED AS ONE OF THE PERSONS WHO:

WAS SUCCESSFUL IN AN EXAMINATION FOR THE CLASS SHOWN ABOVE
ADDITIONAL INFORMATION

IF INTERESTED, PLEASE COMPLETE A STD 678 STATE APPLICATION AND RETURN WITH
YOUR RESPONSE. IF YOU HAVE ANY QUESTIONS, PLEASE CALL GAIL HUNT AT THE PHONE
NUMBER LISTED ABOVE.

## PLEASE READ REVERSE SIDE *BEFORE* COMPLETING THIS SIDE

*If you ARE interested in the position described above, please complete the following.*

☐ **YES -** I am interested in being considered for possible appointment to this position. I have attached my completed application (STD. 678) to this copy for your consideration. *(If you are unavailable for employment within 30 days from the date of job interview, it MAY BE considered a waiver for this position.)*
☐ Check this box if you are disabled and will require reasonable accommodation in the event you are scheduled for an interview.

*If you are NOT interested in the position described above, please complete the applicable items below.*

1. ☐ **NO** - I am not interested in being considered for this position but wish to remain on active status for future employment vacancies.

3. **I AM NOT INTERESTED IN POSITIONS IN THIS CLASS.**
☐ Please place my name on inactive status for this class. I understand that I may request to have my name restored to active status at a later date provided I still have list eligibility.

☐ I have accepted employment in this class with:
*(State Department Name)*                    *(Employment Date)*

☐ Please place my name on inactive status. I have been appointed to the class listed below:
*(Class Title)*                              *(Appointment Date)*

2. Check one or more tenure and time base preferences. If you check both permanent and limited term and receive a limited term appointment, your name will continue to be certified for permanent positions. *LEAP CANDIDATES READ PARAGRAPH NUMBER 5 ON REVERSE SIDE BEFORE SELECTING OPTIONS.*

I AM AVAILABLE ONLY FOR:
☐ PERMANENT - FULL TIME    ☐ PERMANENT - PART TIME    ☐ PERMANENT - INTERMITTENT
☐ LIMITED TERM - FULL TIME    ☐ LIMITED TERM - PART TIME    ☐ LIMITED TERM - INTERMITTENT

4. ☐ I DO NOT WISH TO WORK IN THE LOCATION INDICATED ABOVE. PLEASE REFER MY NAME ONLY FOR THE FOLLOWING LOCATION(S):

☐ OTHER *(Explain)*

*NOTE - As a result of changes in your location and/or tenure and time base choices, your name will not be deleted from any certification list(s) which may already have been issued prior to this request being processed. Therefore, you must continue to reply to contacts resulting from those certification list(s). FAILURE TO REPLY WILL PLACE YOUR NAME ON INACTIVE STATUS.*

# THE STATE BAR
## OF CALIFORNIA

180 HOWARD STREET, SAN FRANCISCO, CA 94105-1639

*Colin P. Wong*
*Senior Assistant General Counsel*

TEL (415) 538-2233 • FAX (415) 538-2321

March 27, 2007

John A. Shepardson, Esq.
Law Offices of John A. Shepardson
59 N. Santa Cruz Avenue, Suite Q
Los Gatos, California 95030

 Re: <u>Shannon Ramsay</u>

Dear Mr. Shepardson:

 I am in receipt of your letter requesting a status update on Ms. Ramsay's claim and petition. Responses to both Ms. Ramsay's claim and petition to the Committee of Bar Examiners were mailed on February 5 and 6 respectively. I'm certain that you should have received both of these letters since I subsequently received a letter from Alexander Ramsay dated February 13, 2007, questioning the content of the letters. In response to Mr. Ramsay's letter I sent a follow up letter to you dated February 15, 2007. I have enclosed copies of all of the above for your reference. I hope this satisfies your inquiry. As always, should you have any questions or wish to discuss this matter, please do not hesitate to call me.

    Very truly yours,

    Colin P. Wong
    Senior Assistant General Counsel





**THE**
**STATE BAR**
**OF CALIFORNIA**

180 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-1639
TELEPHONE (415) 538-2000

February 5, 2007

John A. Shepardson, Esq.
Law Offices of John A. Shepardson
59 N. Santa Cruz Avenue, Suite Q
Los Gatos, California 95030

    Re:   Claim of Shannon Ramsay dated December 20, 2006

Dear Mr. Shepardson:

    Notice is hereby given that on February 5, 2007, the Board Committee on Operations acting on behalf of the Board of Governors, rejected the claim which you presented on behalf of Shannon Ramsay to the State Bar of California dated December 20, 2006.

WARNING

    SUBJECT TO CERTAIN EXCEPTIONS, YOU HAVE ONLY SIX (6) MONTHS AFTER THE DATE THIS NOTICE WAS PERSONALLY DELIVERED OR DEPOSITED IN THE MAIL TO FILE A COURT ACTION ON THIS CLAIM. SEE GOVERNMENT CODE SECTION 945.6.

    You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

            Very truly yours,

            Francisco Gomez
            Claims Officer

THE STATE BAR
OF CALIFORNIA

180 HOWARD STREET, SAN FRANCISCO, CA 94105-1639

*Colin P. Wong*
*Senior Assistant General Counsel*

TEL (415) 538-2233 • FAX (415) 538-2321

February 6, 2007

John A. Shepardson, Esq.
Law Offices of John A. Shepardson
59 N. Santa Cruz Avenue, Suite Q
Los Gatos, California 95030

        Re:    <u>Shannon Ramsay</u>

Dear Mr. Shepardson:

        This letter is to advise you of the action that was taken on the petition you filed on behalf of your client, Shannon Ramsay, dated December 20, 2006. The Committee of Bar Examiners ("Committee") considered Ms. Ramsay's petition during its February 2, 2007 meeting. The Committee realizes that Ms. Ramsay's petition was also prepared as a claim to the Board of Governors and therefore has acted on only matters that appeared to request some relief from the Committee. The action by the Committee was as follows:

        Number 12

        b.    For the July 2006 bar examination, at her request, the Committee granted Ms. Ramsay several testing accommodations including double time on all portions of the examination. Since the examination is 3 days in length, double time extends the examination to 6 days. As previously stated in prior communications, the Office of Admissions, has always been willing to discuss Ms. Ramsay's accommodations to determine if there are additional accommodations that she might need for future examinations.

        c.    The Committee is aware of Ms. Ramsay's comments regarding the IRT. The IRT or Item Response Theory method of grading the bar examination is a well established method for grading the Multistate Bar Examination.

        d.    Due to the confidential and privileged nature of this information, the request was denied.

        e.    Pursuant to actions taken by the Committee to enhance the grading process,

John A. Shepardson, Esq.
February 6, 2007
Page 2

beginning with the February 2007 bar examination, unsuccessful applicants
will receive all of the grades assigned to their written answers: first read,
second read, and average or resolution grade, whichever is applicable. Ms.
Ramsay's comments regarding grader's compensation is noted however, no
changes are anticipated.

Number 14.

Ms. Ramsay's requests for monetary and other tort damages will be evaluated
by the Board of Governors. Ms. Ramsay's other requests for an ADR
proceeding, discovery of all Braille documents and an independent agency to
exercise oversight over the grading of her exam were denied. With respect to
any concerns of retaliation, you may wish to know that the Committee's
grading system is designed to ensure that once the books enter a grading cycle,
neither graders nor State Bar administrators can attribute any particular answer
to any particular applicant.

Should you have any questions or wish to discuss this matter, please do not hesitate to
call me.

Very truly yours,

Colin P. Wong
Senior Assistant General Counsel

February 13, 2007

The Claims Office
Mr. Francisco Gomez
180 Howard St.
San Francisco, CA 94105

From: Alexander R. Ramsay
2484 Belaire Court
Los Gatos, CA 95033
408-353-4111
alex95033r@yahoo.com

Subject: December 20, 2006 Claim by Shannon Alynn Ramsay

Dear Mr. Gomez,

Your letter of February 5, 2007 to attorney John A. Shepardson, stating "...Board of Governors, rejected the claim..." is inaccurate. The February 6, 2007 letter from Colin P. Wong to attorney Shepardson is a item-by-item breakdown of the Claim allegations with some accepted, producing reforms and some rejected. You are remiss in characterizing the Claim as a whole as having been "rejected." The Claim number 12e has resulted in bar exam reforms. Subsequently the MEMORANDOM by the CBE addressed to all February 2007 Applicants, reducing the pass rate from 1466 to 1440 is a major reform directly attributable to Shannon Alynn Ramsay's 15-month crusade.

Your are required to resubmit an accurate characterization in greater detail of the Board of Governors review of the Claim. We expect appropriate public acknowledgement of Shannon's well-documented crusade for bar exam reforms. Be advised that the matter is currently under review for legislation by the California State Senate.

Also be advised that I, Shannon's father, attend to these matters while Shannon studies day and night for next bar exam. Please respond to our attorney.

Sincerely,

Alexander R. Ramsay

Alexander R. Ramsay

Cc: Colin P. Wong
    Attorney John A. Shepardson



THE STATE BAR
OF CALIFORNIA

180 HOWARD STREET, SAN FRANCISCO, CA 94105-1639

*Colin P. Wong*
*Senior Assistant General Counsel*

TEL (415) 538-2233 • FAX (415) 538-2321

February 15, 2007

CHRON

John A. Shepardson, Esq.
Law Offices of John A. Shepardson
59 N. Santa Cruz Avenue, Suite Q
Los Gatos, California 95030

     Re:   <u>Shannon Ramsay</u>

Dear Mr. Shepardson:

This letter is in response to Alexander Ramsay's letter dated February 13, 2007, which is enclosed for your reference. It appears that Mr. Ramsay may be confused by the separate action taken by the Committee of Bar Examiners and the Board of Governors. As stated in my letter to you of February 6, 2007, the Committee acted on "only matters that appeared to request some relief from the Committee." My letter also advised that "Ms. Ramsay's requests for monetary and other tort damages will be evaluated by the Board of Governors." Accordingly, the action by the Board of Governors in rejecting Shannon Ramsay's Government Tort Claim was accurate.

On a separate issue, I would like to clarify that Mr. Ramsay's belief that his daughter's "15-month crusade" was the impetus for any change in the bar examination is mistaken. To the contrary, these changes had been under evaluation well before Ms. Ramsay sat for her first bar examination. The implementation of these changes at this time is merely coincidental.

Should you have any questions or wish to discuss this matter, please do not hesitate to call me.

Very truly yours,

Colin P. Wong
Senior Assistant General Counsel

Shannon Ramsay, J.D.
4447 Cowell Blvd. #83
Davis, CA 95616
530-747-0363

August 1, 2006

Att: Ms. Murphy
Senior Executive of Admissions

My name is Shannon Alynn Ramsay.  You have been corresponding with my father, Alexander R. Ramsay,
so far.  I tried to stay in the background during all this time so that I could thoroughly prepare myself for
each of my bar exams.
I started this round of exams with great confidence and the strong belief that this time I was very well-
prepared.  When I received my Braille materials, I noticed immediately that something had changed.  I
discovered that my materials were very poorly prepared.  Pages fell out of the bindings, forcing me to
reassemble them in the correct order.  Multiple errors (spelling, punctuation, capitalization, formatting,
words with extra letters or letters missing, and missing words) were prevalent.  This forced me to do
excessive rereading which cost me a fair amount of additional time.
During the MBE section, three questions (48, 49, and 50) were not correct.  48 was printed twice but some
of the fact pattern was missing; 49 presented two totally different questions which were both numbered 49;
50 was reprinted four times.  This situation caused me to be extremely concerned that all the following
MBE questions from 51 onward could be out of sync with the Scantron sheet.  My proctor, Micki,
documented this unacceptable disruption of my test situation in an incident report on July 29, 2006.

Sunday, July 30, 2006, I noticed additional flaws in my MBE Braille test.  After question 145, which was
complete, there was a blank page which said "go to next page" at the top.  I had never experienced anything
like this before!  On the next page, the Braille started in the middle of a question which had no number.  I
tried to find out what question this was and at that point I discovered that question 146 was missing
completely.  The beginning half of question 147 was missing as well.  Only the second half of that question
was legible along with the answer options.  My proctor Micki and I decided to stop the test and to get
assistance.  Ms. K. Johnson from the accommodations department was contacted by Micki.  She had to call
you, Ms. Murphy, to find out what was supposed to be done in a situation like this.  Precious time went by,
my stress level increased tremendously, I experienced a high level of anxiety, and my thought process and
focus were completely disrupted.  All this happened at the end of six consecutive days of intense testing.

After the phone call to you, Ms. Johnson offered us the print copy of the MBE section so that Micki could
read it to me.  I was given thirty minutes of additional time to compensate for this disaster on my last day of
testing.  Thirty additional minutes were lost by officials as they tried to get directions from you.  Altogether
one whole hour was added to my test day.
Ms. Murphy, I am greatly outraged by this unbelievable carelessness which was used in preparing
my Braille test materials!
 I consider myself an ambitious, highly capable future attorney who already had to overcome more
obstacles than most to reach my goals.  I should have been provided with the same high-quality test
materials as the non-disabled test-takers.  National Federation of the Blind (NFB) and American Council of
the Blind (ACB) are already informed about this incomprehensible lack of care in preparing high stakes
Braille materials.  This negligence in preparing my test materials could cost me passage of this bar exam!
I request from you that corrective actions will be taken when my bar exam is evaluated.

Sincerely,


Shannon Alynn Ramsay


CC: James O. Heiting, President of State Bar of CA

