1   JAMES M. WAGSTAFFE (95535)
    MICHAEL VON LOEWENFELDT (178665)
2   **KERR & WAGSTAFFE LLP**
    100 Spear Street, Suite 1800
3   San Francisco, CA 94105–1528
    Telephone: (415) 371-8500
4   Fax: (415) 371-0500

5   LAWRENCE C. YEE (84208)
    MARK TORRES-GIL (91597)
6   **OFFICE OF GENERAL COUNSEL**
    **THE STATE BAR OF CALIFORNIA**
7   180 Howard Street
    San Francisco, CA 94105-1639
8   Tel: (415) 538-2000
    Fax: (415) 538-2321
9
    Attorneys for Defendant
10  The State Bar of California

11

12                  **UNITED STATES DISTRICT COURT**

13                 **NORTHERN DISTRICT OF CALIFORNIA**

14                        **SAN JOSE DIVISION**

15  SHANNON ALYNN RAMSAY,                  Case No. C-07-3645 RS

16      Plaintiff,                         **ANSWER TO COMPLAINT**

17  v.

18
    THE STATE BAR OF CALIFORNIA, and
19  DOES 1 - 100 inclusive.

20      Defendants.

21

22

23

24

25

26

27

28

1      Defendant The State Bar of California ("State Bar") answers plaintiff's Complaint for

2   Damages & Injunctive Relief as follows:

3      1.      The State Bar admits the allegations of paragraph 1 on information and belief.

4      2.      The State Bar admits that it is an administrative arm of the California Supreme

5   Court for the purpose of assisting in matters of admission and discipline of attorneys. *In re Rose*,

6   22 Cal. 4th 430, 438 (2000); Cal. Const. art. VI § 9. In that capacity, the State Bar administers

7   the California Bar Exam. To the extent any other allegations are made in paragraph 2, they are

8   denied.

9      3.      The State Bar lacks sufficient information to form a belief as to the truth of the

10  allegations in this paragraph, and denies them on that basis.

11     4.      The State Bar lacks sufficient information to form a belief as to the truth of the

12  allegations in this paragraph, and denies them on that basis.

13     5.      The State Bar admits the allegations of paragraph 5 on information and belief.

14     6.      The State Bar admits the allegations of paragraph 6 on information and belief.

15     7.      Admit.

16     8.      The State Bar admits that the document attached to the Complaint as Exhibit A

17  was received by the State Bar, and that the documents attached to the Complaint as Exhibit B,

18  with the exception of the February 13, 2007 letter from plaintiff to the State Bar Claims Office,

19  were sent by the State Bar to plaintiff. Those exhibits are written documents that speak for

20  themselves, and the State Bar denies any allegations inconsistent therewith.

21     9.      Answering paragraph 9, the State Bar re-asserts and incorporates by reference its

22  responses to paragraphs 1-8.

23     10.     Paragraph 10 consists of a legal conclusion to which no response is required. To

24  the extent a response is deemed required, Title II of the Americans with Disabilities Act, 42

25  U.S.C. §§ 12131 et seq. is a law of the United States that speaks for itself, and the State Bar

26  denies all allegations concerning its terms or meaning that are inconsistent therewith. The State

27  Bar further denies that plaintiff's legal theories in this case have merit.

28

KERR
&
WAGSTAFFE
LLP

C-07-3645 RS                    - 1 -                    ANSWER TO COMPLAINT

11.     Paragraph 11 consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 et seq. is a law of the United States that speaks for itself, and the State Bar denies all allegations concerning its terms or meaning that are inconsistent therewith.  The State Bar further denies that plaintiff's legal theories in this case have merit.

12.     The State Bar admits that it publishes exam passage statistics on a number of metrics, including certain racial and ethnic minorities based on self-identification data provided by bar applicants.  The State Bar denies all other allegations in paragraph 12.

13.     The State Bar admits that it does not publish any statistics purporting to segregate out the passage rate for "disabled test takers".

14.     The State Bar admits that plaintiff or her father have asked the State Bar to publish a passage rate for "disabled" applicants, and that the State Bar has not done so.  The State Bar denies the remaining allegations in paragraph 14.

15.     Denied.

16.     The State Bar lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and denies them on that basis.

17.     The State Bar admits that prior to February 2007, it only returned graded essay and performance test exam papers to test-takers who failed and asked to review those papers. Since February 2007, the State Bar automatically returns graded essay and performance test exam papers to all test takers who fail.  Individuals who pass the bar exam do not receive copies of their graded papers.  The State Bar does not grade the MBE exam, does not have custody of the graded MBE scantron forms, and cannot return them to anyone.  The remaining allegations in this paragraph are denied.

18.     Denied.

19.     The State Bar admits that, pursuant to her request for that accommodation, it provided plaintiff with twice the normal time period to take the Bar Exam.  If plaintiff did not want that accommodation she could have requested less extra time beyond the minimum of three days provided to all applicants.  The State Bar denies the remaining allegations of paragraph 19.

20.     The State Bar admits that plaintiff has reported the information described in her letter of August 1, 2006 attached as Exhibit C to her Complaint.  The State Bar lacks sufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and denies them on that basis.

21.     Denied.

22.     The State Bar admits that plaintiff seeks the relief asserted in this paragraph, but denies that any such relief is appropriate or legally available.  The State Bar denies the remaining allegations of paragraph 22.

23.     The State Bar admits that plaintiff seeks the relief asserted in this paragraph, but denies that any such relief is appropriate or legally available.  The State Bar denies the remaining allegations of paragraph 23.

24.     The State Bar admits that plaintiff seeks the relief asserted in this paragraph, but denies that any such relief is appropriate or legally available.  The State Bar denies the remaining allegations of paragraph 24.

25.     The State Bar admits that plaintiff seeks the relief asserted in this paragraph, but denies that any such relief is appropriate or legally available.  The State Bar denies the remaining allegations of paragraph 25.

26.     The State Bar admits that plaintiff seeks the relief asserted in this paragraph, but denies that any such relief is appropriate or legally available.  The State Bar denies the remaining allegations of paragraph 26.

27.     The State Bar admits that plaintiff seeks the relief asserted in this paragraph, but denies that any such relief is appropriate or legally available.  The State Bar denies the remaining allegations of paragraph 27.

28.     The State Bar admits that plaintiff purports to reserve some rights in this paragraph, but denies that any such rights exist, are appropriate, or are legally available.  The State Bar denies the remaining allegations of paragraph 28.

29.     Answering paragraph 29, the State Bar re-asserts and incorporates by reference its responses to paragraphs 1-28.

30.    Denied.

31.    Denied.

32.    The State Bar admits that plaintiff seeks the relief asserted in this paragraph, but denies that any such relief is appropriate or legally available.  The State Bar denies the remaining allegations of paragraph 32.

33.    Answering paragraph 33, the State Bar re-asserts and incorporates by reference its responses to paragraphs 1-32.

34.    Denied.

35.    Denied.

36.    The State Bar admits that plaintiff seeks the relief asserted in this paragraph, but denies that any such relief is appropriate or legally available.  The State Bar denies the remaining allegations of paragraph 36.

**PLAINTIFF'S PRAYER FOR RELIEF**

The State Bar denies every allegation contained in plaintiff's prayer for relief, paragraphs 1) through 5), and each of them, and specifically denies that plaintiff has been injured, or threatened with injury, in any way whatsoever, or at all, and specifically denies that plaintiff is entitled to any relief of any kind whatsoever.  The State Bar requests the Court to enter judgment against plaintiff and in the State Bar's favor, and to award the State Bar its costs of suit, attorneys fees, and other proper relief.

**ADDITIONAL DEFENSES**

Without assuming any burden that it would not otherwise bear, the State Bar asserts the following additional defenses:

**FIRST ADDITIONAL DEFENSE**

The Complaint and each and every cause of action contained therein fails to state a claim upon which relief can be granted.

**SECOND ADDITIONAL DEFENSE**

The Complaint and each and every cause of action contained therein is barred because the State Bar was justified in doing any and/or all of the acts alleged in the Complaint.

1

**THIRD ADDITIONAL DEFENSE**

2       The Complaint and each and every cause of action contained therein is barred because

3  plaintiff requested the conduct about which she now complains.

4

**FOURTH ADDITIONAL DEFENSE**

5       The Complaint and each and every cause of action contained therein is barred because

6  plaintiff consented to the State Bar's conduct.

7

**FIFTH ADDITIONAL DEFENSE**

8       The Complaint and each and every cause of action contained therein is barred because the

9  State Bar's conduct was reasonable under the circumstances.

10

**SIXTH ADDITIONAL DEFENSE**

11       The Complaint and each and every cause of action contained therein is barred because the

12  State Bar had no discriminatory intent.

13

**SEVENTH ADDITIONAL DEFENSE**

14       The Complaint and each and every cause of action contained therein is barred to the

15  extent that plaintiff complains she was not given testing accommodations that were not

16  requested.

17

**EIGHTH ADDITIONAL DEFENSE**

18       The Complaint and each and every cause of action contained therein is barred to the

19  extent that plaintiff complains she was not given testing accommodations that were not

20  reasonable.

21

**NINTH ADDITIONAL DEFENSE**

22       The Complaint and each and every cause of action contained therein is barred to the

23  extent that plaintiff complains she was not given testing accommodations not related to

24  accommodating her disability during the examination.

25

**TENTH ADDITIONAL DEFENSE**

26       The Complaint and each and every cause of action contained therein is barred to the

27  extent that plaintiff failed to cooperate with the State Bar in reasonably accommodating her

28  disability.

1

**ELEVENTH ADDITIONAL DEFENSE**

2    The Complaint and each and every cause of action contained therein is barred to the

3 extent that plaintiff's requested "accommodation" would have resulted in a fundamental

4 alteration of the Bar Exam.

5

**TWELFTH ADDITIONAL DEFENSE**

6    The Complaint and each and every cause of action contained therein is barred to the

7 extent that plaintiff's requested "accommodation" would have resulted in an undue burden on the

8 State Bar.

9

**THIRTEENTH ADDITIONAL DEFENSE**

10    The Complaint and each and every cause of action contained therein is barred to the

11 extent that plaintiff's requested "accommodation" would have created an unacceptable security

12 risk to the integrity of the California Bar Exam.

13

**FOURTEENTH ADDITIONAL DEFENSE**

14    The Complaint and each and every cause of action contained therein is barred to the

15 extent that plaintiff's requested "accommodation" would have provided her with an unfair

16 advantage over non-disabled bar applicants rather than simply accommodating her disability.

17

**FIFTEENTH ADDITIONAL DEFENSE**

18    The Complaint and each and every cause of action contained therein is barred to the

19 extent that plaintiff's requested "accommodation" was something that the State Bar had no legal

20 power to provide.

21

**SIXTEENTH ADDITIONAL DEFENSE**

22    The Complaint and each and every cause of action contained therein is barred to the

23 extent that plaintiff seeks relief that invades the inherent power of the California Supreme Court

24 to control the admission of lawyers to the California Bar.

25

**SEVENTEENTH ADDITIONAL DEFENSE**

26    The Complaint and each and every cause of action contained therein is barred to the

27 extent that plaintiff seeks to challenge her denial of admission to the practice of law in California

28

1  pursuant to the rule of <u>Chaney v. State Bar of Cal.</u>, 386 F.2d 962 (1967) because plaintiff has not

2  petitioned the California Supreme Court for admission.

3  **EIGHTEENTH ADDITIONAL DEFENSE**

4         The Complaint and each and every cause of action contained therein is barred pursuant to

5  California Government Code section 815.

6  **NINETEENTH ADDITIONAL DEFENSE**

7         The Complaint and each and every cause of action contained therein is barred pursuant to

8  California Government Code section 818.4.

9  **TWENTIETH ADDITIONAL DEFENSE**

10        The Complaint and each and every cause of action contained therein is barred because the

11  State Bar otherwise has absolute immunity under California and/or federal law.

12  **TWENTY-FIRST ADDITIONAL DEFENSE**

13        The Complaint and each and every cause of action contained therein is barred by the

14  abstention doctrine.

15  **TWENTY-SECOND ADDITIONAL DEFENSE**

16        The Complaint and each and every cause of action contained therein is barred by the

17  doctrine of estoppel.

18  **TWENTY-THIRD ADDITIONAL DEFENSE**

19        The Complaint and each and every cause of action contained therein is barred by the

20  doctrine of waiver.

21  **TWENTY-FOURTH ADDITIONAL DEFENSE**

22        Plaintiff has failed, and continues to fail, to act reasonably to mitigate the damages

23  alleged in the Complaint.

24  **TWENTY-FIFTH ADDITIONAL DEFENSE**

25        Plaintiff's Second Cause of Action is barred because as a matter of law paying fees to

26  take the Bar Examination does not create a contract between plaintiff and the State Bar.

27

28

KERR
&
WAGSTAFFE
LLP

1    **TWENTY-SIXTH ADDITIONAL DEFENSE**

2    The damages sought in Plaintiff's Second Cause of Action are were neither foreseeable

3    nor negotiated by the parties, and are thus not recoverable pursuant to California Civil Code

4    section 3300.

5    **TWENTY-SEVENTH ADDITIONAL DEFENSE**

6    Any damage sustained by plaintiff, the fact and extent of which is expressly denied, was

7    either wholly or in part proximately caused by and/or contributed to by plaintiff or others,

8    whether that fault be the proximate result of intentional conduct, negligence, breach of contract,

9    or any other type of fault, of persons, firms, corporations, or entities other than the State Bar, for

10    which the State Bar is not responsible.  Said intentional conduct, negligence, or fault bars

11    recovery against the State Bar or comparatively reduces the percentage of fault or negligence, if

12    any, of the State Bar.

13    **TWENTY-EIGHTH ADDITIONAL DEFENSE**

14    The Complaint and each and every cause of action contained therein is barred by

15    the statute of limitations.

16    The State Bar reserves the right to amend its Answer to the Complaint to assert such

17    additional defenses and/or applicable statutory or contractual terms, provisions, exclusions,

18    conditions or limitations as may become apparent during the continuing course of discovery in

19    this action.

20    DATED:  September 14, 2007          **KERR & WAGSTAFFE LLP**

21

22                                        By  _____/s_____

23                                            MICHAEL VON LOEWENFELDT

24                                            Attorneys for Defendant
                                             The State Bar of California

25    **30201_2**

26

27

28

