JOHN A. SHEPARDSON, ESQ.   SBN: 129081
59 North Santa Cruz Avenue, Suite Q
Los Gatos, California 95030
Telephone: (408) 395-3701
Facsimile: (408) 395-0112

Attorneys for Plaintiff,
SHANNON ALYNN RAMSAY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SHANNON ALYNN RAMSAY, | CASE NO.: **C-07-3645 JW** |
| Plaintiff, | **DECLARATION OF JOHN A. SHEPARDSON, ESQ. REQUESTING CMC** |
| v. | |
| THE STATE BAR OF CALIFORNIA, and DOES 1 - 100 inclusive. | |
| Defendants. | |

I, JOHN A. SHEPARDSON, declare:

1. That I have personal knowledge of the following facts and circumstances, and would and could competently testify thereto, if called as a witness.

2. That I am the Plaintiff's attorney of record.

3. That Plaintiff's father Alexander Ramsay, filed a letter with the Court that made serious and false allegations about my conduct and the conduct of opposing counsel. In my entire 20-year career, I have not had such serious, and offensive allegations made against me. The irony is he wishes that I continue to represent Shannon, and of course so does Shannon, as she so stated in her declaration filed with the Court regarding her father's unauthorized letter to the Court. His allegations seem to occur when actions that I and Shannon agree upon are not how he wishes **her case** to proceed. I refuse to be intimidated with threats of misconduct into performing anything less

1 than my fiduciary duty to Shannon. In a nutshell, there are boundary issues here for Mr. Ramsay
2 that he is refusing to respect.

3     4. That Plaintiff's father seems to be desiring to make the decisions about the case that
4 belong to Plaintiff herself.

5     5. That the Court's deciding to take the scheduled CMC off-calendar after the parties filed
6 the joint statement, has been characterized by Mr. Ramsay as a collusive effort against Shannon's
7 interests.

8     6. That Plaintiff's father stated that the Court Clerk, apparently Ms. Garcia, informed him
9 that the attorneys took the CMC off-calendar.

10     7. I did not take the CMC off-calendar, and nor am I aware that opposing counsel did.

11     8. My understanding is that only this Court can take the CMC off-calendar.

12     9. I personally spoke with Ms. Garcia on 12/11/07, and she informed me that the Court
13 exercised its discretion to take the CMC off-calendar after receipt of the joint statement.

14     10. She indicated that apparently Plaintiff's father, Mr. Alexander Ramsay, misunderstood
15 what she said.

16     11. Hopefully, Mr. Ramsay will call her directly so he can clarify in his own mind what
17 transpired.

18     12. I ask the Court to set another CMC to address:
19         a. Mr. Ramsay's position in the lawsuit;
20         b. Mr. Ramsay's desire to control Shannon's case;
21         c. The serious allegations made by Mr. Ramsay regarding attorney conduct;
22         d. Whether Mr. Ramsay will be allowed to file further papers with the Court;
23         e. Placement on the record of any other allegations he wishes to lodge;
24         f. Address Shannon's competency to act for herself, without need for a
25             conservatorship or any other legal proceeding designed to give control of the
26             litigation over to Mr. Ramsay.

27     13. I personally believe that Shannon is fully capable of making her own decisions about the
28 case, and that she does not need a conservatorship.

DECLARATION OF J.A.S. ESQ. REQUESTING CMC         CASE NO.: C-07-3645 JW

14. Mr. Ramsay is free to take Shannon to Court, and watch from the pews, and share his opinions with Shannon and me out of the Court's presence.

15. Mr. Ramsay is also free to file any complaints of attorney misconduct with the California State Bar.

I declare under penalty of perjury under laws of the United States that the foregoing is true and correct.

DATE: December 12, 2007

JOHN A. SHEPARDSON, Attorney for
Plaintiff SHANNON ALYNN RAMSAY