

100 SPEAR STREET, SUITE 1800
SAN FRANCISCO, CALIFORNIA 94105

TELEPHONE (415) 371-850
FACSIMILE (415) 371-050
www.kerrwagstaffe.com

December 19, 2007

MICHAEL VON LOEWENFELDT
DIRECT DIAL: (415) 357-8909
E-MAIL: mvl@kerrwagstaffe.com

<u>VIA E-FILING AND FEDERAL EXPRESS</u>

Hon. James Ware
**U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**
280 S. First Street
Courtroom 8, 4th Floor
San Jose, CA  95113

      **Re:**   *Shannon Ramsay v. The State Bar of California*
            **Case No. C-07-3645 JW**
            **Response to non-party Alexander Ramsay's letter of December 15, 2007**

Dear Judge Ware:

      This firm represents the State Bar of California in this action.  I am writing to respond to Mr. Alexander Ramsay's December 15, 2007 letter to the Court.  Mr. Ramsay is **not** a party to this action, and has no business filing letters with the Court regarding the action.   I do not know exactly what "joint representation client" is supposed to mean, but the only plaintiff in this case is Shannon Ramsay.   Shannon, Mr. Ramsay's **adult** daughter, has a lawyer whom she has expressly informed the Court, under oath, is following her wishes.  That her father's interests and her own are not perfectly aligned has nothing to do with her case.  That her father is upset by Ms. Ramsay's recent declaration also has nothing to do with this case.

      I will not dignify the charge of "unethical behavior" with a detailed response; suffice it to say that we (and Shannon Ramsay, and her lawyer, as demonstrated by their prior declarations) disagree with Mr. Ramsay's apparent belief that it is improper to discuss the State Bar's relevant information about Shannon with Shannon's lawyer.  Her father's uninformed contrary view is, frankly, wholly irrelevant.  Mr. Ramsay's theories

Hon. James Ware  
December 19, 2007  
Page 2

about a settlement offer that, incidentally, was never made, and the CMC are equally uninformed and irrelevant.

It is clear, and a little sad, that Mr. Ramsay is unable to accept his adult daughter's desire to control her own case with the assistance of her lawyer, not her father. However, both the plaintiff and her lawyer have confirmed to the Court that nothing unethical has occurred, and asked the Court to disregard Mr. Ramsay's "emotionally driven conduct."  We join in that request.

Very truly yours,

MICHAEL VON LOEWENFELDT

cc:     John Shepardson, Esq. (attorney for plaintiff)


MVL | 31782