December 12, 2007

United States District Court Judge James Ware
U.S. District Court
Northern District of California
280 South First Street
San Jose, CA. 95113

**FILED**

JAN 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

From: Alexander R. Ramsay
23484 Belaire Court
Los Gatos, CA 95033

Subject: My Letter of November 29, 2007

Dear Judge Ware,

   With respect to who was responsible for canceling the CMC, I am informed that the Court issued that decision after receiving a "joint statement" from both attorneys. Mr. Shepardson wrote to me in an e-mail dated 12-11-07 "The court reviewed the joint statement and then made the decision to take the matter off calendar." Doesn't this indicate who was responsible for the CMC to be discontinued?

   Last night Mr. Shepardson traveled to Davis, arriving at 10pm to obtain a Declaration from Shannon. Shannon was in a extreme state of stress and signed a document "In order to get this over with."

   The intent of that questionable legal practice was to provide Mr. Shepardson the authority to continue his quest to seek a minimal settlement without my involvement. Here I'd like to note that on June 1, 2007 to both Shannon and I, John expressed a fear for his career if he were to take up Shannon's case. His subsequent diligence seem to be tempered by this mindset.

   As to the question of client-attorney relationship between Mr. Shepardson and I, I have been engaged in many meetings with bar President Heiting, legal staff and the CBE. Hundreds of documents have been exchanged over two years, including those with Mr. Shepardson. I have paid his attorney's fees and court costs totaling about $25,000. With the foregoing, I respectfully request that you judge whether or not I can be considered a "second" client with rights in this case.

   Inasmuch as my request to you has not resulted in a meeting bringing these attorneys to explain their behavior, I shall present now the other allegations I intended to present.

### Due Process Denied

Shannon, as required by law, presented on Dec. 20, 2006 a claim number 5119C with John Shepardson's legal assistance. The five allegation claim was adjudicated by the bar, the defendant in closed sessions. Shannon was never permitted to meet with the defendant, in fact bar attorney Colin Wong denied in writing a request for an ADR. The claim was rejected on Feb. 5, 2007 followed by adoption by the bar of eight reforms in what the Supreme Court calls the "catalyst theory." That made Shannon the "prevailing party" which was ignored by the bar, resulting in the failure of the claim system because the case ended up in court anyway. In sixteen months Shannon has never been granted an opportunity to face her opponent.

### Flawed Braille

One of the causes of action involves the July 2006 submittal of error-filled Braille exam documents, which had never been proof-read by the contractor American College Testing (ACT). In addition the Braille volume had been improperly bound and it fell apart during the exam, causing Shannon stress and lost time. These are acts of negligence on the part of the contractor. The many documented attempts to obtain the best evidence original Braille have failed. Mr. Shepardson has not to this day subpoenaed this crucial evidence.

What is vitally important is the possibility that the original Braille has been destroyed and a tampered copy has been substituted. This I believe would involve a criminal act. The only person who can substantiate the documents authenticity is Shannon. No one can read Braille except Shannon and the negligent originator.

There should be no haste to Summary Judgment before discovery has been conducted.

As you can see the attorney's attempts to a hasty settlement, foregoing CMC and discovery and dropping four of five causes of action, must not prevail.

Please require that all steps in the legal procedure are conducted by the attorneys.

Sincerely,

*Alexander R. Ramsay*
Alexander R. Ramsay