1  JOHN A. SHEPARDSON, ESQ. SBN: 129081
   59 North Santa Cruz Avenue, Suite Q
2  Los Gatos, California 95030
   Telephone: (408) 395-3701
3  Facsimile: (408) 395-0112

4  Attorneys for Plaintiff,
   SHANNON ALYNN RAMSAY

5

6

7

8              UNITED STATES DISTRICT COURT
9             NORTHERN DISTRICT OF CALIFORNIA
                    SAN JOSE DIVISION

10 SHANNON ALYNN RAMSAY,              )  CASE NO.: **C-07-3645 JW**
                                      )
11    Plaintiff,                      )  **ATORNEY JOHN A. SHEPARDSON'S**
                                      )  **NOTICE OF MOTION TO WITHDRAW AS**
12                                    )  **ATTORNEY OF RECORD FOR**
   v.                                 )  **PLAINTIFF SHANNON ALYNN RAMSAY**
13                                    )  **AND POINTS AND AUTHORITIES**
                                      )
14 THE STATE BAR OF CALIFORNIA, and   )  Date:  March 17, 2008
   DOES 1 - 100 inclusive.            )  Time:  9 a.m.
15                                    )  Courtroom: 8, 4th Flr.
   Defendants.                        )  Judge: Hon. James Ware
16                                    )
                                      )
17 ─────────────────────────────────  )

18      Attorney John A. Shepardson hereby gives notice to Plaintiff Shannon Alynn Ramsay and the

19 other parties in this case that he is bringing a motion to withdraw as attorney of record for Plaintiff

20 Shannon Alynn Ramsay. This motion is brought before the Hon. James Ware and will be heard on

21 March 17, 2008 in courtroom 8, 4th Flr. of the U.S. District Court located at 280 S. First Street, San

22 Jose, California 95113.

23      This motion is brought pursuant to N.D. CA Rule 11-5(a), (b) and case law.

24      This motion is based on this Notice and Points and Authorities, and the accompanying

25 declaration of Attorney John A. Shepardson.

26 ///

27 ///

28

ATTY JAS NOTICE OF MO TO WITHDRAW AS ATTY OF RECORD          CASE NO.: C-07-3645 JW
FOR PLTF S. A. RAMSAY & P's & A's

1

## POINTS AND AUTHORITIES

2

### STATEMENT OF FACTS

3    John A. Shepardson is presently the Attorney of Record for Plaintiff Shannon Alynn Ramsay

4 (hereinafter referred to as "Shannon").  Plaintiff's father Alexander Ramsay, filed a letter with the

5 Court that made serious and false allegations about the conduct of Attorney Shepardson and

6 opposing counsel.  In attorney Shepardson's entire 20-year career, he has not had such serious and

7 offensive allegations made against him.   An irony is that Mr. Ramsay still desires that Mr.

8 Shepardson continue to represent Shannon. Shannon filed a declaration in court stating she wanted

9 Mr. Shepardson to represent her, and that her father did not speak for her.  The court issued an order

10 stating it would not accept his letters, and he defied the order, and sent in another letter.

11    Mr. Ramsay has been paying Shannon's attorney fees. The written fee agreement is between

12 Shannon and Mr. Shepardson, and requires that the invoices be paid within 10 days, and that a

13 retainer balance of $5,000 be paid.  Shannon and Mr. Ramsay were given ample time to January 12,

14 2008, to pay the amount outstanding of $579.87 and the retainer requirement of $5,000. The money

15 was not timely paid.  On January 15, 2008, a check was received for $4,579.87, with a handwritten

16 note stating that Shannon objected to the charges by Mr. Shepardson for a meeting with her in Davis.

17 Shannon has indicated in an email that she questioned the billing regarding a trip.

18    The trip was required because of Mr. Ramsay's false allegations to the court regarding the

19 attorney-client relationship, and Shannon's modifying a declaration without discussing the matter

20 with Mr. Shepardson. Thus, to obtain clarity as to Shannon's intentions, and desires, a trip to Davis

21 had to be made to find out exactly what she wanted to do. She freely signed a declaration stating her

22 intentions. Now, there is a refusal to pay for attorney services, that were necessary to clarify the

23 scope of the relationship.  How else could it have been handled?  The client is blind, the father is

24 manipulating her, and the false allegations had been filed in a Federal Court suggesting that Mr.

25 Shepardson and counsel for the California State Bar were in collusion against Shannon's best

26 interests!  The allegations were so serious, that stating Shannon's position under oath after a face-to-

27 face meeting was necessary and proper. To now refuse to pay for the services, is a breach of

28

2

1   contract, and reveals the effort to pressure Mr. Shepardson to handle the case in the fashion Mr.

2   Ramsay desires.  Also, Shannon has herself now filed a letter (apparently with Mr. Ramsay's help)

3   asking for clarification from the court about the nature of our pending Partial Summary Judgment

4   Motion.    I believe that Mr. Ramsay is deliberately coaching Shannon into undermining my

5   relationship with her, in an effort to leverage himself back into the case to get what the wants for

6   Shannon.

7           The attorney-client relationship is a mess, it has broken down, and the lawsuit involves

8   weighty issues that need close attention, and require significant attorney services.  There is strong

9   concern that neither Plaintiff nor her father understand the tremendous amount of legal work that has

10  and will continue to occur in the case, and the requirement of thousands of dollars in fees, perhaps

11  into six figures.

## LEGAL DISCUSSION

13  I.       GOOD CAUSE EXISTS FOR GRANTING THE MOTION TO WITHDRAW.

14          One: "The client's failure to pay agreed-upon attorney fees may be ground for an attorney to

15  withdraw.   State of Liberty-Ellis Island Foundation, Inc. v. International United Industries, Inc.

16  (SD NY 1986) 110 F.R.D. 395, 397; Schwarzer, Tashima & Wagstaffe, Federal Civil Trials and

17  Evidence, section 12:193.  Here, we have a breach of the contract on two bases: Failure to timely

18  pay monies due, and a refusal to pay for $1,000 in legal services.  Third, it is anticipated that

19  Plaintiff will not pay the fees necessary to properly litigate the case.

20          Two:   There is serious breach of trust and communication between attorney and client. The

21  client has now (apparently through her father) sent a letter to the court asking what the nature is of

22  the Summary Judgment motion. Apparently (or more likely with the undue influence of her father)

23  she does not sufficient trust or confidence in his counsel to obtain the information.  Further, Mr.

24  Ramsay has and will continue to act in the manner to undermine the attorney-relationship, in an

25  apparent effort to control the attorney-client relationship.  He has seriously damaged the attorney-

26  client relationship.

27  ///

28

ATTY JAS NOTICE OF MO TO WITHDRAW AS ATTY OF RECORD          CASE NO.: C-07-3645 JW
FOR PLTF S. A. RAMSAY & P's & A's

## CONCLUSION

The attorney-client relationship is broken.  Mr. Shepardson must be allowed to withdraw. Mr. Shepardson wishes Plaintiff the best, and hopes she finds that attorney that can meet her and her father's needs.

Dated: _____

_____
JOHN A. SHEPARDSON, ESQ.

---

ATTY JAS NOTICE OF MO TO WITHDRAW AS ATTY OF RECORD          CASE NO.: C-07-3645 JW
FOR PLTF S. A. RAMSAY & P's & A's