1  JOHN A. SHEPARDSON, ESQ. SBN: 129081
   59 North Santa Cruz Avenue, Suite Q
2  Los Gatos, California  95030
   Telephone:  (408) 395-3701
3  Facsimile:   (408) 395-0112

4  Attorneys for Plaintiff,
   SHANNON ALYNN RAMSAY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

SHANNON ALYNN RAMSAY,            )   CASE NO.:  C-07-3645 JW
                                 )
Plaintiff,                       )   DECLARATION OF JOHN A.
                                 )   SHEPARDSON, ESQ. IN SUPPORT
                                 )   OF MOTION TO WITHDRAW AS
v.                               )   ATTORNEY OF RECORD
                                 )
THE STATE BAR OF CALIFORNIA, and )   Date:  March 17, 2008
DOES 1 - 100 inclusive.          )   Time:  9 a.m.
                                 )   Courtroom:  8, 4th Flr.
Defendants.                      )   Judge: Hon. James Ware
                                 )
                                 )

I, JOHN A. SHEPARDSON, declare:

1. That I have personal knowledge of the following facts and circumstances, and would and could competently testify thereto, if called as a witness.

2. That I am the Plaintiff's attorney of record.

3. That Plaintiff's father Alexander Ramsay, filed a letter with the Court that made serious and false allegations about my conduct and the conduct of opposing counsel.  In my entire 20-year career, I have not had such serious, and offensive allegations made against me.  The irony is he wished that I continue to represent Shannon, and of course so did Shannon, as she so stated in her declaration filed with the Court regarding her father's unauthorized letter to the Court.

4. Mr. Ramsay has been paying Shannon's attorney fees.

5. My written fee agreement with Shannon requires that the invoices be paid within 10 days, and that a retainer balance of $5,000 be paid.

6. I gave Shannon and Mr. Ramsay more than the contract time period, to January 12, 2008, to pay the outstanding amount of $579.87 and the retainer requirement of $5,000.

7. The money was not timely paid.

8. On January 15, 2008, a check was received for $4,579.87

9. The check was $1,000 short,

10. Shannon has also questioned the billing regarding a trip I had to make to talk with her face to face about the nature of attorney-client relationship.

11. I had previously provided her a declaration, and she signed it, with alternations, which apparently were suggested by Mr. Ramsay.

12. These changes were not discussed or approved by my office.

13. Given the accusations made by Mr. Ramsay against both myself and opposing counsel (indicating some kind of collusion) for unethical conduct, I had to address the issue head on, by having a face-to-face meeting with Shannon to ascertain exactly what she wished to do.

14. Accordingly, I had to get in my car, and drive to Davis where she lives, to personally meet with her. I invited Mr. Ramsay to come along, and he declined the invitation.

15. She freely and willing signed a declaration, and we submitted this to the court.

16. The declaration explained the attorney-client relationship, and that her father did not speak for her.

17. Thereafter, the court issued an order stating that Mr. Ramsay's letters would not be accepted by the court. Still, he sent another letter to the court!

18. I believe Mr. Ramsay is intent on getting his way, and since he and I do not agree on the direction of the case, he is attempting to place financial and professional pressure on me to act in a manner that I do not believe are in Shannon's best interest.

19. Given all of the above, I must withdraw from the case. The fee agreement has been

breached. Financial pressure is being used to pressure the direction of the case. Also, Shannon has now herself sent a letter to the court asking for clarification about the Summary Judgment, so there is clearly a breakdown in the attorney-client communication and relationship. Additionally, much needs to be done in the case, as the client desires a motion to compel for documents, and an ENE and depositions are forthcoming.

20. Shannon should have someone she feels comfortable and trusts, and the attorney should feel the same way about the client.
21. The present situation is unacceptable, and is clearly not working.
22. Attached and marked as Exhibit 1 is a copy of some of Mr. Ramsay's threats.
23. At the meeting I had with Shannon in Davis, California, she was not under duress.
24. I did not cancel the CMC.
25. I cannot take actions to obtain the Braille when my time is spent addressing Mr. Ramsay's harassing conduct and when not properly paid.
26. Mr. Ramsay admits that I have not been paid per the contract.
27. Mr. Ramsay suggests I'm intimidated by the Bar and since he feels this way, he and Shannon should seek an attorney that they are comfortable with.
28. I have honestly tried my best to assist Shannon and it appears whatever I do is not enough. I predict Mr. Ramsay will make complaints to the Bar against myself, opposing counsel and eventually to the judicial council against this Judge, because anything less than his way is received with threats. He is a bully and I refuse to be bullied into acting contrary to what I believe are Shannon's best interests. I feel my integrity is being attacked and I will walk to my office with holes in my shoes before I will allow him to manipulate me against my fiduciary duty.

I declare under penalty of perjury under United States law that the foregoing is true and correct.

Dated: 1/16/08

JOHN A. SHEPARDSON, ESQ.

DECLARATION OF J.A.S. IN SUP OF MO TO WITHDRAW
AS ATTY OF RECORD

CASE NO.: C-07-3645 JW

RE: Retainer
From: Alexander Ramsay (alex95033r@yahoo.com)
Sent:
Wed 1/16/08 9:51 AM
To:
John Shepardson (johnshepardson@hotmail.com)

Cc:
sharamsay@stanfordalumni.org


   You have $4000 of the retainer with $1000 in question. Basically you have been paid in advance of legal service yet to be performed. Let you and Shannon resolve that one. I will pay when this minor point is settled. However, this minor point does not give you the right to withdraw. You must be extremely careful about the legality of withdrawal at this critical juncture in Shannon's lawsuit.
   If your excuse to withdraw causes a diminished settlement in the lawsuit, you know what can follow.
   If it is a minor question of dollars, knowing Shannon's financial condition, you are obligated by your profession to provide pro bono service.

   And now answers to your questions:
1. The 10pm Davis meeting was conducted under duress conditions not incompetence on Shannon's part.
2. ENE scheduling was legally your obligation. You cancelled CMC. You are to blame.
3. You have not taken sufficient actions to obtain the best evidence original Braille, not now nor in the 5119C Complaint. You have been paid to do this and you have failed.
4. Your remarks show that you are intimidated by "a powerful organization". Your remarks will be presented in court to show your withdrawal is based upon that fear, not a few dollars.
You expressed that fear to Shannon and I on June 1, 2006, showing you have not diligently pursued Shannon's interests from the very beginning.
   You have much to lose. Best you stay with it.

Alex


EXHIBIT
1