Shannon A. Ramsay, J.D.
4447 Cowell Blvd., #83
Davis, CA 95616
Phone: 530-747-0363
Sharamsay@stanfordalumni.org

FILED

2008 JAN 23 P 3:15

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

CASE NO. C-07-3645 JW

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

Date: January 20, 2008

RESPONSE TO ATTORNEY JOHN SHEPARDSON'S POINTS AND AUTHORITIES IN HIS NOTICE OF MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFF SHANNON ALYNN RAMSAY

I, Shannon Alynn Ramsay, am the plaintiff in this case. Attorney John Shepardson has represented me in this case to date. After reading Mr. Shepardson's motion to withdraw, I wish to clarify several points.

1. First, I wish for my case to continue. Depositions; Early Neutral Evaluation (ENE); Partial Summary Judgment hearings; etc. should continue on the agreed upon schedule.

2. The facts which I dispute arise out of Mr. Shepardson's declaration from January 16, 2008, Document 34:

a. Referring to Mr. Shepardson's declaration 11, "I had previously provided her a declaration and she signed it with alternations which apparently were suggested by Mr. Ramsay.":
Mr. Shepardson sent me this declaration to sign without first obtaining written or verbal input from me as to the content of this declaration. When I added clarifications which I deemed necessary, he told me that the declaration was meant to represent my own words and that he had only prepared it for me. These alterations did not represent words which "apparently were suggested by Mr. Ramsay." (my father)

b. Referring to Mr. Shepardson's declaration 13 "Given the accusations by Mr. Ramsay against both myself and opposing counsel for unethical conduct, I had to address the issue head-on, by having a face-to-face meeting with Shannon to ascertain exactly what she wished to do."
December 3, 2007, Mr. Shepardson called me at home in Davis and threatened to withdraw as my lawyer unless I signed a declaration that my father does not speak for me. On December 7, 2007, I received the declaration in Davis as a Fed Ex delivery. (see point a) I added my alterations and sent the document back to Mr. Shepardson Monday, December 10, 2007. That Monday Mr. Shepardson called me and I explained my alterations. He called me several times on Tuesday at home, knowing that I was at work and I would not come home until after 6:00 p.m., to discuss rewriting the declaration and getting my signature. Even though I expressed that I did not see the necessity for him to come up to Davis at night to obtain my signature on the declaration Mr. Shepardson told me that he was coming anyway, knowing that I was all by myself in my apartment. He never gave me a valid reason for why he had to obtain my signature that particular night. While Mr. Shepardson was at my home on December 11, 2007 at 10:10 p.m., we never discussed my wishes for how to proceed with this case. He simply obtained my signature and left. He made me believe that he would withdraw from the case immediately when we talked on the phone on December 11, 2007, if I did not sign the declaration that night. I felt as though I was under great pressure which counteracts his declaration 15 "she freely and willingly signed a declaration and we submitted this to the court."



c. Referring to Mr. Shepardson's declaration 19: ..."also, Shannon has now herself sent a letter to the court asking for clarification about the Summary Judgment, so there is clearly a breakdown in the attorney-client communication and relationship. "A Summary Judgment motion has very different consequences than a Partial Summary Judgment motion. Whenever Mr. Shepardson communicated with me about this motion, he always referred to it as "Summary Judgment motion." Even in his bills to us he only referred to the motion as "Summary Judgment motion." When I received the court papers informing me about the date for the hearing for this motion, it was the very first time that I learned that this was a Partial Summary Judgment motion. This left me very confused. Therefore, I felt compelled to seek clarification from the court clerk.

Mr. Shepardson states that he feels his integrity is being attacked by my father's and my actions. The way Mr. Shepardson refers to me in his NOTICE OF MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFF SHANNON ALYNN RAMSAY attacks my integrity. He refers to me as disabled, blind, and as being manipulated by my father, indicating that I am not capable of thinking or acting on my own due to my disability.

3. I acknowledge that my relationship with Mr. Shepardson is "broken". He presents numerous points to justify his motion to withdraw. However, after reading his documents, I felt compelled to present the court with my experiences with Mr. Shepardson.

I declare that the foregoing is true and correct.

Dated: 1-20-08

Shannon Ramsay

Shannon A. Ramsay, J.D.