1  JAMES M. WAGSTAFFE (95535)
   MICHAEL VON LOEWENFELDT (178665)
2  MARIA RADWICK (253780)
   **KERR & WAGSTAFFE LLP**
3  100 Spear Street, Suite 1800
   San Francisco, CA 94105–1528
4  Tel: (415) 371-8500
   Fax: (415) 371-0500
5
   MARIE MOFFAT (62167)
6  LAWRENCE C. YEE (84208)
   MARK TORRES-GIL (91597)
7  **OFFICE OF GENERAL COUNSEL**
   **THE STATE BAR OF CALIFORNIA**
8  180 Howard Street
   San Francisco, CA 94105-1639
9  Tel: (415) 538-2000
   Fax: (415) 538-2321
10
   Attorneys for Defendant
11 THE STATE BAR OF CALIFORNIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SHANNON ALYNN RAMSAY, | Case No. C-07-3645 JW |
| Plaintiff, | **DEFENDANT'S RESPONSE TO MOTION OF PLAINTIFF'S COUNSEL TO WITHDRAW** |
| v. | |
| THE STATE BAR OF CALIFORNIA, and DOES 1 - 100 inclusive. | |
| Defendants. | |

CASE NO. C-07-3645 JW        STATE BAR'S RESPONSE TO MOTION TO WITHDRAW

## I. INTRODUCTION

This is an unusual situation. Shannon Ramsay is 27 years old, and a law school graduate who believes she is qualified to be a lawyer. Her father Alexander Ramsay, however, has caused such a rift with Ms. Ramsay's lawyer through threats and interference that the lawyer believes he cannot effectively represent her and is seeking to withdraw. It appears that this will result in Ms. Ramsay litigating this case as a pro se litigant.

The State Bar is very concerned that, going forward, *Shannon Ramsay* control her case, not her father. Even while Ms. Ramsay has had a lawyer, Mr. Ramsay has repeatedly sent communications to the State Bar's counsel making various demands concerning the conduct of this litigation, and threats when his demands are not met. Although much of his communication is incomprehensible, it is clear that Mr. Ramsay believes he has some control over this litigation. The State Bar is concerned that this conduct will only get worse when Ms. Ramsay is acting pro se.

The law clearly requires pro se litigants to represent *themselves*. Mr. Ramsay, who is not an attorney, has no legal right to represent his daughter. That means he should not be speaking for her, negotiating for her, making discovery demands for her, attempting to meet and confer with opposing counsel for her, or in any other way interjecting himself into the prosecution of this case. While Ms. Ramsay can have whomever she likes read documents to her, and otherwise accommodate her blindness, communications with opposing counsel and the actual prosecution of the action are *her* job, not her father's. The State Bar requests that, in connection with allowing Mr. Shepardson to withdraw (if the Court does so), the Court make it very clear to both Shannon Ramsay and her father what their respective roles are once Ms. Ramsay is pro se.

## II. RELEVANT FACTUAL BACKGROUND

During most of the time leading up to this lawsuit, it was Mr. Ramsay who complained to the State Bar about his daughter's circumstances, not Ms. Ramsay herself. That should have stopped when this lawsuit was filed. It has not.

This action was filed on July 16, 2007. (Docket #1.) On October 12, 2007, counsel for the State Bar had a meeting with counsel for Ms. Ramsay to meet and confer about this action.

1  (von Loewenfeldt Decl. ¶ 2.)  Apparently Shannon Ramsay's father took umbrage to that

2  meeting.  On November 11, 2007, he wrote an email to all of the attorneys at the State Bar

3  counsel's law firm requesting a meeting with him *and* Shannon to discuss counsel's conduct and

4  "the proper practices to be followed henceforth."  (von Loewenfeldt Decl. ¶ 3 & Ex. A.)  Upon

5  receiving this email, counsel communicated with Ms. Ramsay's counsel to inform him of this

6  request and ask that all communications go through the lawyer.  Mr. Ramsay (presumably after

7  speaking with Shannon's lawyer), sent another cryptic and insulting email.  (von Loewenfeldt

8  Decl. Ex. B.)  The next day, he sent another email to the State Bar's counsel commenting on the

9  answer filed in the case, demanding a settlement, and threatening "in your face" publicity if his

10 demands were not met.  (von Loewenfeldt Decl. Ex. C.)

11      A week later, Mr. Ramsay sent an email to State Bar President Jeffrey Bleich, requesting

12 a meeting for "Shannon and I" to discuss this case.  (von Loewenfeldt Decl. Ex. D)  The State

13 Bar president declined to meet with them, and suggested that counsel arrange any meetings.  (Id.)

14 Mr. Ramsay continued to insist a meeting was appropriate.  (Id.)  Having confirmed that Mr.

15 Ramsay was not represented by Mr. Shepardson (von Loewenfeldt Decl. ¶ 6), the State Bar's

16 counsel wrote to explain that, as Mr. Ramsay did not represent his daughter, he should cease

17 communicating with the State Bar or its counsel about his case.  (von Loewenfeldt Decl. Ex. D.)

18 Mr. Ramsay responded with a nine paragraph email purporting to discuss his daughter's legal

19 theories and demanding that counsel "Double think and call a meeting."  (Id.)

20      In early December 2007, Mr. Ramsay sent some letters to the Court.  In response, both

21 parties requested the Court to disregard Mr. Ramsay's letters.  The Court issued an order on

22 December 20, 2007 directing Mr. Ramsay to cease filing letters (which Mr. Ramsay "complied

23 with" by sending his next letter to the clerk instead of the assigned judge). (Docket #s 18, 20,

24 21, 22, 23.)

25      On January 16, 2008, Ms. Ramsay's counsel filed his surprising motion to withdraw

26 detailing Mr. Ramsay's threats and interference with his daughter's case.  (Docket # 33.)  At the

27 request of Ms. Ramsay's counsel, counsel for the State Bar agreed to stay discovery, including

28 the pending depositions of Ms. Ramsay and her father, until after the motion to withdraw was

1 heard. (Docket # 36.) As a result of the stay, counsel for the State Bar wrote to Mr. Ramsay to
2 explain that his deposition was being rescheduled. (von Loewenfeldt Decl. Ex. E.) Mr. Ramsay
3 responded that the "deposition meeting" should not be discontinued, and asked for the State
4 Bar's counsel to meet with him. Counsel declined to do so. (Id.) Once again, Mr. Ramsay's
5 response was to send an email to the State Bar President demanding a meeting and, when one
6 was not agreed to, threatening adverse publicity. (von Loewenfeldt Decl. Ex. F.)

7 On February 12, 2008, Mr. Ramsay emailed counsel for the State Bar to insist that his
8 deposition and his daughter's deposition be scheduled for the same day and videotaped "as this
9 case will be valuable for its contributions to statutory and common laws." Counsel for the State
10 Bar agreed to work with Mr. Ramsay *after* the motion to withdraw was heard to schedule *his*
11 deposition as it would with any witness, but reminded him that he could not represent his
12 daughter. Mr. Ramsay's response was to purport to put limitations on his and his daughter's
13 depositions. (von Loewenfeldt Decl. G.) The same day, Mr. Ramsay sent another email to
14 counsel for the State Bar concerning a discovery dispute Ms. Ramsay is having with her third
15 party subpoena to the National Conference of Bar Examiners. (von Loewenfeldt Decl. Ex. H.)
16 It is clear that Mr. Ramsay has no intention of simply being a witness in this case, and
17 appears to believe that he can act as his daughter's advocate. The State Bar anticipates that,
18 unless he is restrained, Mr. Ramsay will attempt to participate in the litigation of this action, and
19 continue to harass opposing counsel and their client with threats and inappropriate emails like the
20 ones discussed above.

21 **III.   ARGUMENT**

22 A parent has no right to appear in court on behalf of even a *minor* child, much less a 27
23 year old law school graduate like Ms. Ramsay. See Johns v. County of San Diego, 114 F.3d 874,
24 876-77 (9th Cir. 1997). This Court's local rules make it very clear that a pro se litigant must
25 represent *herself*, and not have someone else acting for her:

26 > Any party representing him or herself without an attorney must
27 > appear personally and may not delegate that duty to any other
> person who is not a member of the bar of this Court. A person
> representing him or herself without an tattorney is bound by the
28 > Federal Rules, as well as by all applicable local rules. . .

3
CASE NO. C-07-3645 JW                    STATE BAR'S RESPONSE TO MOTION TO WITHDRAW

1  N.D. Cal. Civ. L. R. 3-9(a).  "Pro se litigants must follow the same rules of procedure that
2  govern other litigants." <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).
3        The State Bar recognizes, of course, that because Ms. Ramsay is blind there may be some
4  tasks where she needs assistance, for example reading hard copy documents.  That does not,
5  however, mean that she can have her father write correspondence to the opposing party or its
6  counsel on her behalf.[1]  Communications can and should go directly to and from Ms. Ramsay,
7  and the State Bar's counsel is willing to work with Ms. Ramsay to ensure that communications
8  are sent in a format that she can read with the assistance of her computer.  Ms. Ramsay will need
9  to meet and confer with the State Bar's counsel directly; her father's agreement is neither
10  required nor appropriate on case management issues or any other matter in this action.  Nor can
11  Mr. Ramsay be allowed to interfere at depositions in this action by making statements (except
12  when he is the deponent), asking questions, advising his daughter on what to say, or otherwise
13  obstructing the process.
14        We recognize that this is an unusual request, but the record so far makes it clear that Mr.
15  Ramsay is likely to overstep his bounds unless these rules are very directly explained to him, Ms.
16  Ramsay, and opposing counsel by the Court.
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///

---

[1] If, indeed, it is on her behalf.  Her prior declaration with the Court makes that very unclear.  Without wanting to get into the family dynamic here, the State Bar believes it may be appropriate for the Court to voir dire Ms. Ramsay outside of her father's presence to ensure that her wishes are being presented free of any improper influence.

4

CASE NO. C-07-3645 JW       STATE BAR'S RESPONSE TO MOTION TO WITHDRAW

## IV. CONCLUSION

Ms. Ramsay has a right to represent herself if she chooses to do so. Her father, however, does not have the right to interject himself into these proceedings, much less to control the process as he seems to believe he can. The State Bar respectfully suggests that substantial time and effort, including motion practice, will be avoided if this Court sets clear rules for Mr. Ramsay's role, or, more accurately, lack thereof, in the prosecution of this case.

Respectfully submitted,

DATED: February 14, 2008   **KERR & WAGSTAFFE LLP**

By ____/s_____
MICHAEL VON LOEWENFELDT

Attorneys for Defendant
THE STATE BAR OF CALIFORNIA

31273

---

CASE NO. C-07-3645 JW   5   STATE BAR'S RESPONSE TO MOTION TO WITHDRAW