1  JAMES M. WAGSTAFFE (95535)
   MICHAEL VON LOEWENFELDT (178665)
2  MARIA RADWICK (253780)
   **KERR & WAGSTAFFE LLP**
3  100 Spear Street, Suite 1800
   San Francisco, CA 94105–1528
4  Tel: (415) 371-8500
   Fax: (415) 371-0500
5
6  MARIE MOFFAT (62167)
   LAWRENCE C. YEE (84208)
7  MARK TORRES-GIL (91597)
   **OFFICE OF GENERAL COUNSEL**
   **THE STATE BAR OF CALIFORNIA**
8  180 Howard Street
   San Francisco, CA 94105-1639
9  Tel: (415) 538-2000
   Fax: (415) 538-2321
10
   Attorneys for Defendant
11 THE STATE BAR OF CALIFORNIA

12

13             **UNITED STATES DISTRICT COURT**

14            **NORTHERN DISTRICT OF CALIFORNIA**

15                  **SAN JOSE DIVISION**

16 SHANNON ALYNN RAMSAY,              Case No. C-07-3645 JW

17        Plaintiff,                  **DECLARATION OF MICHAEL VON**
                                      **LOEWENFELDT IN SUPPORT OF**
18 v.                                 **DEFENDANT'S RESPONSE TO**
                                      **MOTION OF PLAINTIFF'S COUNSEL**
19                                    **TO WITHDRAW**
   THE STATE BAR OF CALIFORNIA, and
20 DOES 1 - 100 inclusive.            Date:     March 17, 2008
                                      Time:     9:00 a.m.
21        Defendants.                 Crtrm:    8, 4th Floor
                                      Judge:    Hon. James Ware
22

23

24

25

26

27

28

KERR
&
WAGSTAFFE
LLP

I, Michael von Lowenfeldt, hereby declare:

1.      I am a partner at the law firm of Kerr & Wagstaffe LLP, attorneys for defendant The State Bar of California in this action.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to them

2.      On October 12, 2007, I met with counsel for Shannon Ramsay to meet and confer about likely claims and defenses in this action.

3.      On November 11, 2007, Alexander Ramsay sent an email to all attorneys at my law firm complaining about my meeting with Shannon Ramsay's lawyer.  A true and correct copy of that email is attached hereto as Exhibit A.

4.      On Monday, November 12, 2007, I spoke with Ms. Ramsay's counsel to inform him of  Mr. Ramsay's email and to ask that all communications go through counsel.

5.      On the evening of November 12, 2007, Alexander Ramsay sent an email to all attorneys at my firm.  The email cryptically says "Thank you. You accomplished what I intended.  I did not expect any reply from you.  Courtesy must always be secondary to the fear of putting anything in writing in the law profession.  I have learned this after two years of research."  A true and correct copy of that email is attached hereto as Exhibit B.

6.      After receiving Mr. Ramsay's email, I communicated by email with Shannon Ramsay's attorney about the email.  In those communications, Shannon Ramsay's lawyer confirmed to me that he did not represent Mr. Ramsay.

7.      On November 13, 2007, Mr. Ramsay sent another email to all attorneys at my firm, with a cc to his daughter's lawyer, John Shepardson.  A true and correct copy of that email is attached hereto as Exhibit C.

8.      On November 19, 2007, Mr. Ramsay sent an email to State Bar President Jeffrey Bleich, requesting a meeting for "Shannon and I" to discuss this case.  The State Bar president declined to meet with them, and suggested that counsel arrange any meetings.  Mr. Ramsay continued to insist a meeting was appropriate.  I then wrote Mr. Ramsay to explain that, as Mr. Ramsay did not represent his daughter, he should cease communicating with the State Bar or its counsel about his case.  Mr. Ramsay responded with a nine paragraph email purporting to



1

VON LOEWENFELDT DECL. ISO STATE
BAR'S RESPONSE TO MOTION TO WITHDRAW

1    discuss his daughter's legal theories and demanding that counsel "Double think and call a

2    meeting."  A true and correct copy of this email chain (with the latest emails at the top) is

3    attached hereto as Exhibit D.

4          9.      On January 16, 2008, Ms. Ramsay's counsel filed his motion to withdraw.  At the

5    request of Ms. Ramsay's counsel, I agreed to a stay of discovery, including the pending

6    depositions of Ms. Ramsay and her father, until after the motion to withdraw was heard.  As a

7    result of the stay, I wrote to Mr. Ramsay to explain that his deposition was being rescheduled.

8    Mr. Ramsay responded that the "deposition meeting" should not be discontinued, and asked for

9    the State Bar's counsel to meet with him.  I declined to do so.  A true and correct copy of this

10   email chain, including the enclosed letter, (with the latest emails at the top) is attached hereto as

11   Exhibit E.

12         10.     Mr. Ramsay's response was to send an email to the State Bar President

13   demanding a meeting and, when one was not agreed to, threatening adverse publicity.  A true

14   and correct copy of this email chain is attached hereto as Exhibit F (with my client's

15   communication to me redacted).

16         11.     On February 12, 2008, Mr. Ramsay emailed me, with a cc to State Bar President

17   Jeffrey Bleich, to insist that his deposition and his daughter's deposition be scheduled for the

18   same day and videotaped "as this case will be valuable for its contributions to statutory and

19   common laws."  I agreed to work with Mr. Ramsay *after* the motion to withdraw was heard to

20   schedule *his* deposition as it would with any witness, but reminded him that he could not

21   represent his daughter.  Mr. Ramsay's response (cc'd to all attorneys in my office and the State

22   Bar President) was to purport to put limitations on his and his daughter's depositions.  A true and

23   correct copy of this email chain is attached hereto as Exhibit G.

24         12.     Also on February 12, 2008, Mr. Ramsay sent another email to me concerning a

25   discovery dispute Ms. Ramsay is having with her third party subpoena to the National

26   Conference of Bar Examiners.  A true and correct copy of that email is attached hereto as

27   Exhibit H.

28

KERR
&
WAGSTAFFE
LLP

CASE NO. C-07-3645 JW                    VON LOEWENFELDT DECL. ISO STATE
                                         BAR'S RESPONSE TO MOTION TO WITHDRAW

1    I declare under penalty of perjury of the laws of the United States of America that the

2    foregoing is true and correct.

3    Executed on February 14, 2008 at San Francisco, California.

4

5    _____/s_____

6    MICHAEL VON LOEWENFELDT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**Michael von Loewenfeldt**

| | |
|---|---|
| **From:** | Alexander Ramsay [alex95033r@yahoo.com] |
| **Sent:** | Sunday, November 11, 2007 6:26 PM |
| **To:** | Attorneys |
| **Subject:** | A Meeting re Shannon Alynn Ramsay v. The State Bar of California |

Dear Sirs,

Shannon and I request a meeting with the superiors of Kerr & Wagstaffe LLP. The subject involves Michael Von Loewenfeldt and the question of his handling of the subject case. A one-on-one meeting was held between our attorney and Mr.Von Loewenfeldt on October 12. Shannon and I were not in attendance. The full content of that meeting has not been disclosed, with the exception of Shannon's GPA, which we believe was presented with an intent to disparage.

Upcoming is a Case Management Conference on Nov. 19. To date, neither Shannon nor I have been able to obtain the time and the location of that meeting. There seems to be a curious change in communications since Oct 12. Something is amiss?

A meeting with you anytime before Nov. 19 would be beneficial for both sides to reach an understanding as to the proper practices to be followed henceforth.

Alexander R. Ramsay  408-353-4111

# EXHIBIT B

**Michael von Loewenfeldt**

**From:**       Alexander Ramsay [alex95033r@yahoo.com]
**Sent:**       Monday, November 12, 2007 7:25 PM
**To:**         Attorneys
**Subject:**    Your Conference call with John Shepardson today.

Dear Sirs,

  Thank you. You accomplished what I intended.

  I did not expect any reply from you. Courtesy must always be secondary to the fear of putting anything in writing in the law profession. I have learned this after two years of research.

Alexander R. Ramsay

# EXHIBIT C

**Michael von Loewenfeldt**

| | |
|---|---|
| **From:** | Alexander Ramsay [alex95033r@yahoo.com] |
| **Sent:** | Tuesday, November 13, 2007 8:35 PM |
| **To:** | Attorneys |
| **Cc:** | John Shepardson |
| **Subject:** | Your 9/14/07 Answer |
| **Attachments:** | pat537420356 |

Dear Sirs, Thanks again. A month later we finally received your "Answer." Why so late?

Obviously in the so-called law profession, eight pages of legal jargon are customary, but it is all very shallow, considering the paucity of the bar's defense. I will give you an example. On 9/14/07 you claim one thing (para.19) and on 10/12/07, Mr. Von Loewenfeldt, recognizing the 6-day exam will not go well in court, offered a three-day three-day exam settlement to our attorney.  As an engineer in the engineering profession, such *hin und her* tactics would not qualify as a befitting a profession.

You can do better by coming to the Conference with a satisfactory settlement. Face it, you can never win even if it takes the Appellate Court and the Supreme Court involvement. And think of the front page media publicity and "in your face" cameras. Sacrosanct as the bar seems its image to be, it must, now or later, confront its discriminatory wrong-doing to a blind young woman attorney.

If you have not realized it by now, you face a very knowledgeable and determined adversary. After you get over the anger, attend to what is just.

No reply expected here. Unilateral communications are just as powerful.

 Alexander R. Ramsay

EXHIBIT D

**Michael von Loewenfeldt**

| | |
|---|---|
| **From:** | Alexander Ramsay [alex95033r@yahoo.com] |
| **Sent:** | Monday, November 26, 2007 5:46 PM |
| **To:** | Michael von Loewenfeldt |
| **Cc:** | Jeff.Bleich@mto.com |
| **Subject:** | Re: Ramsay v. State Bar |

To All of You,

  I had many subjects I wanted to cover with Mr Bleich alone. Nevertheless, by means of my correspondence, which you obviously have read, I think I have achieved some of my intended purposes.

  For openers you have just negated any requirement, for me to supply you any more documents directly.

  As for client-attorney relationship, you seem to be content to take John Shepardson's word only. What if you are wrong? What if it is determined in a "case within a case" action that he indeed is found to be my attorney? Think about it carefully.

  In light of recent events, John Shepardson has been told by Shannon <u>what</u> he is expected to do <u>henceforth</u>. He does not have license to take the actions you thought. I suggest you find out her new directions. Meet with Shannon if not me.

  Inasmuch as I was not granted a meeting, I shall elaborate upon two subjects here. One subject I wanted to discuss with Mr. Bleich involves due process which Shannon has never received (e.g., 4011, 5119C, cancelled CMC). But one day she shall have her day in court. In court there is to be resolved the plagiarism bit, eight reforms adopted which made her by Supreme Court dicta, the "prevailing party" without any relief or acknowledgements. As a member of the BoG, Mr. Bleich was a party to those "closed session" decisions. Not good!

  However, the principal subject is as follows: The error-filled Braille is being treated as negligence, a cause of action, which you attorneys have tried to dismiss. It cannot and will not be dismissed if it is found to have compounded into a criminal action. Now do I have your attention? For elaboration, we shall have to meet. If not, then you must learn in court.

  I wonder if you remember that I had occasion to request Mr. Wong's removal from the case because of his many flaws w/r to the law. Boss Moffat did so. In light of Mr. Von Lowenfeldt's indiscretion of demeaning Shannon's reputation, using her personal information, without written approval, with a purpose to justifying her unworthiness, I suggest here that he also be removed from this case.

   This case began back in Dec. 2005 with President Heiting. He was nice and did nothing. Then President Sloan took over until he was gone last month, cleverly leaving the problem to President Bleich, the third one-year president. Shannon's case now is strung out by your attorneys until Nov. 2008 when a fourth president inherits it. Prolonging the case -doesn't that smack of a form of harassment? In any case, organization is one of my expertises. It is a future project that I shall take up with state legislators.

  This case started out very simple with only a small price by the bar to pay for the wrongs done to Shannon. I have asked Mr. Bleich for a meeting to reset this case onto a better track. It is sad that he chooses not to do so. Double think and call a meeting.

Alexander R. Ramsay

***Michael von Loewenfeldt <mvl@kerrwagstaffe.com>*** wrote:

Mr. Ramsay,

We did not respond to your prior communication because we were under the impression you had a lawyer – an impression bolstered when you use terms like "our attorney" to refer to Shannon Ramsay's attorney.  We have since been informed by Shannon Ramsay's lawyer, however,  that he does not represent you.

He also informed us that you do not speak for Ms. Ramsay with regard to this matter.   As such, we see no reason to communicate substantively with you about this case.  All of our future communication will continue to be with Ms. Ramsay's attorney, Mr. Shepardson.  I am only writing this email so that you have a clear understanding of why you have not received any replies to date, and likely will not be receiving any replies in the future.

As you are not the legal representative of Ms. Ramsay, please cease sending communications to either our firm or our client purporting to speak for her.   Also please cease your baseless innuendo about our conduct in this case, which has at all times been ethical and appropriate.

Thank you.

Michael von Loewenfeldt
Kerr & Wagstaffe LLP
100 Spear Street, Suite 1800
San Francisco, CA 94105
(415) 371-8500 (tel)
(415) 371-0500 (fax)
(415) 357-8909 (direct)
mvl@kerrwagstaffe.com
On the web at www.kerrwagstaffe.com

---

**From:** Alexander Ramsay [mailto:alex95033r@yahoo.com]
**Sent:** Tuesday, November 20, 2007 10:07 PM
**To:** Bleich, Jeffrey
**Subject:** Reply

Dear President Bleich,

   Thank you for your response. First I must inform you that on 11/11/07 I did request Kerr & Wagstaffe for a meeting and received no reply. Also in that e-mail I informed the attorneys of alleged unethical practices. Ask K&W to submit to you the 1/4 inch thick set of private documents given to our attorney on Oct. 12 with the intention to impugn Shannon's worthiness to be a certified attorney.

   Forgive me for being a very straightforward person. But you must face the fact that Shannon has a fully winable case. It will do the bar's respected image no good if it becomes necessary also to add a charge of malpractice. Many questionable actions after an Oct 12 meeting between only the two attorneys gave Shannon and I concern, making it necessary to seek your involvement.
.                                                                    And with respect to the necessity to admonish the respective attorneys to adhere to ethical practices, I have done my part with our attorney. I hope you contact your attorneys and informed them that they must, in the present case, follow strict legal and ethical rules.

Sincerely,
Alex Ramsay


----- Original Message ----
From: "Bleich, Jeffrey" <Jeff.Bleich@mto.com>
To: Alexander Ramsay <alex95033r@yahoo.com>
Sent: Tuesday, November 20, 2007 5:03:04 PM
Subject: RE: A meeting

Dear Mr. Ramsay,

Thank you for your email.  Because this matter is in litigation, I think it is best to let Ms.
Ramsay's and the Bar's respective counsel arrange any communications between the
parties.  If there is an issue with attorney conduct, your counsel is always free to raise that
with the Bar's counsel by letter.  I will be out the rest of this week, but I wish you and your
family a safe and restful Thanksgiving holiday.

Sincerely,

Jeff Bleich

_____

**From:** Alexander Ramsay [mailto:alex95033r@yahoo.com]
**Sent:** Monday, November 19, 2007 7:16 PM
**To:** Bleich, Jeffrey
**Subject:** A meeting

Dear Bar President Bleich,
    Shannon and I would like to have a meeting with you. The subject will be attorney conduct in case
Shannon Alynn Ramsay v. The State Bar of California. Because of recent actions, we think an
understanding is necessary.
    Shannon Is here in Los Gatos this week.
Alexander R. Ramsay    408-353-4111

EXHIBIT E

**Michael von Loewenfeldt**

| | |
|---|---|
| **From:** | Michael von Loewenfeldt |
| **Sent:** | Friday, January 18, 2008 4:29 PM |
| **To:** | Alexander Ramsay |
| **Subject:** | RE: Deposition |

Mr. Ramsay,

With all due respect, I want to make a few things clear.  Your daughter has a lawsuit against the State Bar that I am defending.  You do not.  Nor can you represent your daughter's interest, as she has a lawyer (at least for now), and even if she did not, you are not a lawyer.  You are a witness in the case, which is why your deposition will eventually be taken, but that is all.  I have no interest in meeting informally with you to discuss your daughter's case, your legislative attempts to change the Bar exam, or anything else.

To avoid prejudice to your daughter while her representation issue is being addressed, we have agreed to temporarily stay discovery, which includes your deposition.  That is why I have cancelled the scheduled date.

Finally, as you have stated that you have documents, I will be sending you a subpoena for those documents as soon as the discovery stay ends.  Compliance with a subpoena is not optional.  If you want to send me your documents now, feel free to do so.  I am not going to agree to submit anything to the Court for you, as that is not my job.

We will not be meeting on January 28.  After the March 17 hearing (if there is a hearing), I will contact you to reschedule your deposition.

Thank you.


Michael von Loewenfeldt
Kerr & Wagstaffe LLP
100 Spear Street, Suite 1800
San Francisco, CA 94105
(415) 371-8500 (tel)
(415) 371-0500 (fax)
(415) 357-8909 (direct)
mvl@kerrwagstaffe.com
On the web at www.kerrwagstaffe.com

---

**From:** Alexander Ramsay [mailto:alex95033r@yahoo.com]
**Sent:** Friday, January 18, 2008 3:43 PM
**To:** Michael von Loewenfeldt
**Subject:** Re: Deposition

Mr. von Loewenfeldt,
    Your e-mail is quite a surprise. I don't think Mr. Shepardson has any right to discontinue our deposition meeting scheduled for Jan. 28. The ruling on his withdrawal has nothing to do with me because he contends that I am not his client.

I believe it is of your best interest to talk with me, <u>just me,</u> as soon as possible. I would like to inform you, among other subjects, of my concurrent request for legislation considering the many bar wrong-doings discovered <u>before the lawsuit was initiated</u> - wrongs partially corrected by the bar by surreptitious adoption of reforms, after rejecting the 5119C Claim. Shannon became the "prevailing party" to no avail, to the discredit of both the bar and attorney Shepardson. The lawsuit followed.

May I remind you that the Model Rules of Professional Conduct are heavily involved here. I respectfully request you direct your efforts to a speedy justice based upon Shannon's five causes of action and nothing else.

Also I have many documents, accumulated over two years, that I intend to give to you but only if I have a guarantee that copies are submitted to the court.

Please confirm that the Jan. 28 date continues, if not as a deposition but as a "case management" meeting, long needed.

Alexander R. Ramsay 408-353-4111

**_Michael von Loewenfeldt <mvl@kerrwagstaffe.com> wrote:_**

Mr. Ramsay,
Please find attached a letter from me to you dated today concerning the scheduling of your deposition.
Thank you.
Michael von Loewenfeldt
Kerr & Wagstaffe LLP
100 Spear Street, Suite 1800
San Francisco, CA 94105
(415) 371-8500 (tel)
(415) 371-0500 (fax)
(415) 357-8909 (direct)
mvl@kerrwagstaffe.com
On the web at www.kerrwagstaffe.com
<<Ramsay letter.pdf>>

# KERR
## &
# WAGSTAFFE
LLP

ATTORNEYS

100 Spear Street, Suite 1800
San Francisco, California 94105

Telephone (415) 371-8500
Facsimile (415) 371-0500
www.kerrwagstaffe.com

January 18, 2008

Michael von Loewenfeldt
Direct Dial: (415) 357-8909
E-Mail: mvl@kerrwagstaffe.com

**VIA EMAIL AND U.S. MAIL**

Alexander R. Ramsay
23484 Belaire Court
Los Gatos, CA 95033

Re:     *Shannon Ramsay v. The State Bar of California*
        *Case No. C-07-3645 JW*

Dear Mr. Ramsay:

As you know, your daughter's lawyer has filed a motion to withdraw. He has informed us that your deposition (as well as Shannon's deposition) needs to be rescheduled until after that motion is heard. Because we want to make sure that your daughter has a complete opportunity to participate at your deposition, we are agreeing to this request. Accordingly, **your deposition currently scheduled for January 28, 2008 is being taken off calendar**, to be rescheduled after the representation issues are worked out.

At that time, we would appreciate your agreeing to a new date without the need to have a process server find you.

Please let me know if you have any questions about this subject.

Very truly yours,

MICHAEL VON LOEWENFELDT

cc:     John A. Shepardson, Esq.

32121

EXHIBIT F

**Michael von Loewenfeldt**

Redacted

**From:** Alexander Ramsay [mailto:alex95033r@yahoo.com]
**Sent:** Sunday, January 20, 2008 3:46 PM
**To:** Bleich, Jeffrey
**Subject:** RE: A Request for a Meeting

Mr. Bleich, as with former Presidents, you with primary responsibility, decline to address the major bar flaws. Malpractice follows with its attendant publicity? Meeting?
Alexander R. Ramsay

*"Bleich, Jeffrey" <Jeff.Bleich@mto.com>* wrote:
Dear Mr. Ramsay,
Thank you for your email.  In light of the on-going litigation regarding your daughter, I do not think a meeting would be appropriate.  To the extent that you have proposals relating to improvement of the bar examination independent of your daughter's situation, those are better directed to the Committee of Bar Examiners.
Sincerely,
Jeff Bleich

**From:** Alexander Ramsay [mailto:alex95033r@yahoo.com]
**Sent:** Friday, January 18, 2008 6:13 PM
**To:** Bleich, Jeffrey
**Cc:** wagstaffe@kerrwagstaffe.com
**Subject:** A Request for a Meeting

Dear Bar President Jeffrey L. Bleich,
    Not being able to reschedule a canceled meeting for 1/28 with attorney M. von Loewenfeldt of Kerr & Wagstaffe LLP, I ask that you call a meeting. Not involving the current lawsuit, I have requested new State legislation seeking controls on the administration process of the Cal Bar exam. Mr. von Loewenfeldt has refused a meeting on the subject. It is imperative that the Bar be informed. This now can only come about with direct involvement with the Bar.
Alexander R. Ramsay   408-353-4111

EXHIBIT G

## Michael von Loewenfeldt

**From:** Alexander Ramsay [alex95033r@yahoo.com]
**Sent:** Tuesday, February 12, 2008 11:58 AM
**To:** Michael von Loewenfeldt
**Cc:** Jeff.Bleich@mto.com; Attorneys
**Subject:** RE: Depositions re Case C-07-03645 JW

Please be reminded that it is not a question of representation. Understand that I <u>do have</u> the necessity to deliver to and read for my blind daughter at these meetings. You seem to have taken it upon yourself, the authority that our private time is fully at your disposal. If you cannot depose myself in a couple of hours, I shall consider it undue harassment. That is another reason why I request audio/video coverage. Schedule depositions for Shannon and I on <u>one</u> and the same day. Better still - conduct depositions electronically.

This record will be submitted at a future Case Management Meeting, which you earlier unwisely canceled.

Alexander R. Ramsay
***Michael von Loewenfeldt <<u>mvl@kerrwagstaffe.com</u>>*** wrote:

> Mr. Ramsay,
>
> We received your email below.  You do not represent your daughter in this case.  If your daughter ends up representing herself in this case, then we will, of course, communicate with her concerning case management issues.  Not you.  We will work with you on scheduling your individual deposition as we would with any third party witness, but it is premature to do that until your daughter's representation issue is worked out.   Be advised, however, that your deposition will likely take a full day, if not more, and will not be scheduled on the same day as anyone else's deposition.
>
> Michael von Loewenfeldt
> Kerr & Wagstaffe LLP
> 100 Spear Street, Suite 1800
> San Francisco, CA 94105
> (415) 371-8500 (tel)
> (415) 371-0500 (fax)
> (415) 357-8909 (direct)
> <u>mvl@kerrwagstaffe.com</u>
> On the web at <u>www.kerrwagstaffe.com</u>

---

**From:** Alexander Ramsay [mailto:alex95033r@yahoo.com]
**Sent:** Tuesday, February 12, 2008 10:04 AM
**To:** Michael von Loewenfeldt
**Cc:** Jeff.Bleich@mto.com
**Subject:** Depositions re Case C-07-03645 JW

Dear Sir, I am responding to your request to reschedule the Ramsay depositions per your letter of January 19, 2008. It is convenient for both Shannon and I to be scheduled on the same day, on a Monday after 10:30am. If possible locate it in Davis or Sacramento. I might suggest a conference room at UC Davis. Also please include audio and video recordings, inasmuch as this case will be valuable for its contributions to statutory and common laws.

Alexander R. Ramsay

EXHIBIT H

**Michael von Loewenfeldt**

**From:**      Alexander Ramsay [alex95033r@yahoo.com]
**Sent:**      Tuesday, February 12, 2008 11:12 AM
**To:**        Michael von Loewenfeldt
**Cc:**        Jeff.Bleich@mto.com
**Subject:**   Evidence re Case C-07-03645 JW


Dear Sir, The law firm of Fulbright & Jaworski LLP, representing the contractor NCBE, has in a letter dated December 28, 2007 to John Shepardson, refused to comply with the subpoena to deliver all (MBE & essay) documents in Braille to the court. We have alleged that the "best evidence" documents could have been tampered with or destroyed since the July 2006 bar exam. The refusal to submit these key documents gives reason to believe there is something to hide.

   I believe it is in your best interest, as the primary defendant, that you also insist that this vital evidence be delivered to the court.

   All Braille MBE/essay questions and Shannon's answers must be delivered in a sealed package, where under Shannon's fingertips, justice will be decided.


Alexander R. Ramsay